STATE OF NORTH CAROLINA v. JEROME ALLEN JOHNSON, ELARK MILTON FREDERICK, AND CHARLES EDWARD GOODS

No. 756SC849

(Filed 2 June 1976)

1. Constitutional Law § 31; Criminal Law §§ 79, 95— statements of non-testifying defendants implicating codefendants — harmless error

The erroneous admission of the extrajudicial statements of three nontestifying defendants which implicated each other as well as the fourth defendant was harmless beyond a reasonable doubt since any incrimination of any of the defendants attributed to the statements of their codefendants was of insignificant probative value in relation to the competent and admitted evidence against all of them.

2. Searches and Seizures § 1— warrantless search of car after removal to sheriff's office

Officers lawfully conducted a warrantless search of the car in which defendants were riding after removing it to the sheriff's office where they had reasonable grounds to believe that defendants had committed a robbery and that the car contained evidence pertaining

to the crime, and a box of stolen shotgun shells found in the car was properly admitted in defendants' trial for common law robbery.

APPEAL by defendants from *Tillery, Judge.* Judgment entered 3 May 1975 in Superior Court, HALIFAX County. Heard in the Court of Appeals 12 February 1976.

Defendants were charged in separate bills of indictment with the felony of common law robbery. The defendants entered pleas of not guilty and the State offered evidence tending to establish the following:

On 10 February 1975 James Clifton Willey and Mrs. Alice Mabel Willey were operating a small grocery store at Route 3, Enfield, North Carolina. Around three or four o'clock in the afternoon, two males came in the store and one asked for a package of Kool cigarettes. Mrs. Willey handed him the cigarettes whereupon he started hitting her with his fist until she fell to the floor. He then beat her husband, knocking him out of his wheel chair onto the floor. Mrs. Willey was knocked down and beaten a second time. They removed the money from the cash register and left the store. Mrs. Willey then went to the door in order to obtain aid and saw four males leaving in a white Ford. A box of gun shells, about sixty or seventy dollars, and Mrs. Willey's wristwatch were missing from the store after their departure.

Mrs. Willey identified Jerome Johnson as the person who beat her and took money from the register. She identified the box of gun shells as those which were removed from the store. The State's evidence further tended to show that Deputy Sheriff Charles William Wells took Charles Edward Goods, Elark Milton Frederick and Jerome Allen Johnson into custody after seeing them in a 1965 white Ford at the intersection of I-95 and N. C. 561. He took them to Halifax Memorial Hospital in the back seat of his patrol car where they remained seated until Jerome Johnson was called out of the car and interviewed by Deputy E. C. Warren. Winston Harper and Elark Frederick admitted their participation in the robbery.

Defendants offered no evidence.

The jury returned a verdict of guilty of common law robbery as to each defendant. From a judgment of imprisonment the defendants Johnson, Frederick, and Goods appealed.

*Attorney General Edmisten, by Zoro J. Guice, Jr., Assistant Attorney General, for the State.*

*W. Lunsford Crew, for defendant Goods.*

*Arba S. Godwin, Jr., for defendant Johnson.*

*Nicholas Long, for defendant Frederick.*

MARTIN, Judge.

Preliminary to consideration of the specific questions presented by the three appellants, we note the following: that some of the evidence at trial and in the record before us relates to a co-defendant who is not a party to this appeal; that the defendants were also charged with conspiring to commit common law robbery which was dismissed at the close of the State's evidence; and that no objection was made by Johnson or on his behalf at trial to the consolidation of the cases for trial.

Defendants Frederick and Goods contend the court erred by consolidating for trial the charges in the several indictments.

Ordinarily, unless it is shown that irreparable prejudice will result therefrom, consolidation for trial rather than multiple individual trials is appropriate when two or more persons are indicted for the same criminal offense(s). The judge in his discretion is authorized to order cases consolidated for trial when the offenses charged are of the same class, relate to the same crime, and are so connected in time and place that most of the evidence at the trial upon one of the indictments would be competent and admissible at the trial on the other. *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972).

Whether the evidence presented at trial prejudiced defendants to such an extent that the failure to order separate trials constituted a denial of due process of law will be discussed together with the assignment of error made by each defendant in which they contend the admission of evidence of statements of one defendant tended to incriminate other defendants and thereby violated their rights to confrontation as guaranteed by the Constitution of the United States.

Under *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476, it is a clear violation of a defendant's constitutional rights in a joint trial to offer the confession of a co-defendant who does not testify where the confession incrimi-

nates and implicates the defendant not making the statement. In this instance, the defendant who is incriminated and implicated by the statement has been denied his Sixth Amendment right to confront and cross-examine the co-defendant making the statement.

*Bruton* was interpreted and applied in North Carolina by our Supreme Court in *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968). In *Fox,* Sharp, J. (now C.J.) said:

> "The result is that in joint trials of defendants it is necessary to exclude extrajudicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant. If such deletion is not possible, the State must choose between relinquishing the confession or trying the defendants separately. The foregoing pronouncement presupposes (1) that the confession is inadmissible as to the codefendant (see *State v. Bryant, supra* [250 N.C. 113, 108 S.E. 2d 128 (1959)]), and (2) that the declarant will not take the stand. If the declarant can be cross-examined, a codefendant has been accorded his right to confrontation."

Applying that rule to the facts here, we hold that it was error to admit those portions of Johnson's statements which might have implicated the defendants Goods and Frederick, and those portions of defendant Harper's statements which might have implicated defendants Goods, Johnson, and Frederick, and those portions of defendant Frederick's statements which might have implicated defendants Goods and Johnson. However, not all federal constitutional errors are prejudicial.

In *State v. Brinson,* 277 N.C. 286, 177 S.E. 2d 398 (1970), Justice Huskins states the test for harmless error as follows:

> "Some constitutional errors in the setting of a particular case 'are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction. . . . [B]efore a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.' (Citation omitted.). In deciding what constituted harmless error in *Fahy v. Connecticut,* 375 U.S. 85, 11 L.Ed. 2d 171, 84 S.Ct. 229

(1963), the Court said: 'The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.' "

[1] Applying the foregoing standard to the facts in this case, we hold that the admission of those portions of Frederick's, Johnson's, and Harper's statements which implicated each other as well as defendant Goods was harmless error beyond a reasonable doubt. Any incrimination of any of the defendants attributed to the statements of their co-defendant was of insignificant probative value in relation to the competent and admitted evidence against all of them. This is so although most of the evidence against the defendant Goods is circumstantial. Accordingly, this assignment of error is overruled.

[2] By their assignment of error number eleven, all three defendants contend that the warrantless search of the automobile in which they were riding when taken into custody was illegal. Hence, they argue, the trial court erred in admitting evidence, over their objection and motion to suppress, concerning the shotgun shells seized from the vehicle.

"Evidence obtained by unreasonable search is inadmissible in both Federal and State courts. (Citation omitted.) It is equally well settled that the constitutional and statutory guarantee against unreasonable search and seizure does not prohibit seizure of evidence and its introduction into evidence on a subsequent prosecution where no search is required. (Citation omitted.) Automobiles and other conveyances may be searched without a warrant under circumstances that would not justify the search of a house, and a police officer in the exercise of his duties may search an automobile or other conveyance without a search warrant when the existing facts and circumstances are sufficient to support a reasonable belief that the automobile or other conveyance carries contraband materials. (Citations omitted.)" *State v. Simmons*, 278 N.C. 468, 471, 180 S.E. 2d 97 (1971).

"If there is probable cause to search an automobile, the officer may either seize and hold the vehicle before presenting the probable cause issue to a magistrate, or he may carry out an immediate search without a warrant. 'For constitutional purposes we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to

State v. Johnson

a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search either course is reasonable under the Fourth Amendment.' (Citation omitted)." *State v. Ratliff,* 281 N.C. 397, 189 S.E. 2d 179 (1972).

In *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9 (1972), the North Carolina Supreme Court listed the exceptions to the general rule that a valid search warrant must accompany every search and seizure. These are: (1) a warrantless search and seizure may be made when it is incident to a valid arrest, (2) evidence obtained by officers without a search warrant is admissible in evidence where the articles are seized in plain view without necessity of search, and (3) a warrantless search of a vehicle capable of movement may be made by officers when they have probable cause to search and exigent circumstances make it impracticable to secure a search warrant.

In the present case, the totality of the circumstances gave the officers reasonable grounds to believe that defendants had committed a crime and that the automobile in which they were riding contained evidence pertaining to the crime. Probable cause to search existed at the time of the arrest and continued to exist when the automobile was searched at the Sheriff's office. We think the action of the officers in removing the car and searching it at the Sheriff's office was reasonable. The exigent circumstances presented a "fleeting opportunity" which made it impracticable to obtain a search warrant. The trial judge correctly admitted evidence concerning the shotgun shells found pursuant to the search conducted at the Sheriff's office.

By the error assigned and based on exception no. 24, the defendants Frederick and Goods contend that the court committed error in its charge by repeating parts of statements of defendants which are not admissible against other defendants. By these assignments of error, the defendants are attempting to except to a part of the court's charge. Such exceptions are ineffective in this case since an assignment of error must be based on an exception duly noted, and the record does not show the portion of the charge to which the defendants are excepting. *State v. Hitchcock,* 4 N.C. App. 676, 167 S.E. 2d 545 (1969). Furthermore, these assignments of error have been thoroughly discussed under other assignments and will not be repeated here.

Defendants' remaining assignments of error are without merit and are overruled.

The three defendants were accorded a fair and impartial trial free of prejudicial error.

No error.

Judges BRITT and HEDRICK concur.