STATE OF NORTH CAROLINA v. JOSEPH PHILLIP SMITH AND JOHNNY BENJAMIN SMITH

No. 85

(Filed 6 January 1981)

**1. Criminal Law § 128.1— testimony stricken — mistrial not required**

In a prosecution of defendant for armed robbery and murder, trial court did not commit prejudicial error in denying defendant's motion for a mistrial after striking the testimony of several witnesses concerning the absence of finger-prints of defendant at the murder scene and the absence of gunpowder on the hands of bystanders after the robbery-murder, since the trial court, after the motions to strike were allowed, instructed the jury not to consider the stricken evidence and specifically referred to the evidence and the witness who provided it, there was no way in which defendant would have been prejudiced by the evidence had it not been withdrawn from the jury's consideration, and defendant's motion for mistrial was a matter addressed to the sound discretion of the trial judge, and no abuse of that discretion appeared.

**2. Criminal Law § 92.1— two defendants charged with same crime — consolidation proper**

The trial court did not err in consolidating defendant's case for trial with that of a codefendant since defendants were charged in separate indictments for the same crimes; they were tried upon the theory that the murder with which they were charged was committed in connection with a robbery committed by them jointly; their defenses were not antagonistic; and neither attempted to incriminate the other in the presentation of an alibi.

**3. Criminal Law § 60— fingerprint evidence — admissibility**

In a prosection of two defendants for armed robbery and murder, there was no merit to one defendant's contention that the trial court erred in admitting evidence of fingerprints of a codefendant found on the murder weapon as well as the cards containing his fingerprints because the fingerprints found on the weapon were never linked to him, since the evidence of fingerprints was relevant because the State proceeded upon the theory of acting in concert and the finger-print cards were not allowed to remain in evidence.

APPEAL by defendants from judgments of *Preston, J.*, entered at the 19 November 1979 Criminal Session of CUMBERLAND Superior Court.

Upon pleas of not guilty, defendants were tried on separate bills of indictment charging them with the armed robbery and murder of Robert Eugene Boyer. Evidence presented by the state tended to show:

At approximately 7:15 p.m. on 24 February 1979 the body of Robert Boyer was found at the Adult Book Store located on Murchi-

son Road in the city of Fayetteville, North Carolina. Boyer's death was caused by a single bullet wound to his head. The murder weapon was subsequently identified as a .44 magnum revolver which was found by a 10 year-old girl on 7 April 1979 in a playground area in Smithfield, North Carolina. Defendant Joseph Smith's latent fingerprints were found on the weapon, and he was seen by a police officer in Smithfield on the same day the gun was found.

Co-defendants Randy Allen and Roscoe Washington testified for the state as part of certain plea bargaining arrangements. They testified that they left Goldsboro on the day of the alleged offenses with defendants Smith; that defendant Johnny Smith was driving the automobile in which they traveled; that all four of them entered the book store and proceeded to look around; that while they all four were in a projection room viewing a film, defendant Joseph Smith pulled out a pistol; that they then went to the front counter where the operator of the store, Boyer, was ordered from behind the counter; that Allen then went behind the counter, filled a paper bag with money and pulled the telephone out of the wall; that Allen also found a briefcase containing money; that he placed the paper bag in the briefcase, after which Allen, Washington and defendant Johnny Smith left the store; that as the trio approached the car, they heard a gunshot from inside the store; that defendant Joseph Smith came out of the store shortly thereafter saying that he had shot the operator; that after they left the store, the four men drove to Wilson and then to Goldsboro; and that they divided the money taken from the store between them.

Defendants Smith offered evidence tending to establish an alibi.

Defendants were found guilty as charged. A sentencing hearing was conducted pursuant to G.S. 15A-2000 *et seq.* and the jury returned recommendations that defendants be sentenced to life imprisonment. The court ordered that the armed robbery charge against each defendant be merged with the murder charges and entered judgments that each defendant be sentenced to prison for life.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Daniel F. McLawhorn for the State.*

*D. Lynn Johnson for defendant Joseph Phillip Smith.*

*Richard M. Wiggins for defendant Johnny Benjamin Smith.*

BRITT, Justice.

## DEFENDANT JOSEPH SMITH'S APPEAL

[1] This defendant's sole assignment of error is that the trial court committed prejudicial error in denying his motion for a mistrial after striking the testimony of several witnesses. We find no merit in the assignment.

The evidence which the court ordered stricken did not directly involve either defendant. It tended to show that no fingerprints were found at the murder scene which matched those of any of the four participants and that those persons who entered the crime scene after the robbery-murder, but before the police arrived, had no traces of gunpowder on their hands. The motion to strike was allowed by the trial judge because the state failed to establish a sufficient foundation for the introduction of the evidence relating to either the handwipings of the bystanders or their fingerprints.

We perceive at least three reasons why this assignment is without merit.

First, after the motions to strike were allowed, the trial court instructed the jury not to consider the stricken evidence and specifically referred to the evidence and the witness who provided it. It is well-settled in this jurisdiction that when the court withdraws incompetent evidence and instructs the jury not to consider it, any prejudice is ordinarily cured. *E.g., State v. Perry,* 276 N.C. 339, 172 S.E.2d 541 (1970); *State v. Moore,* 276 N.C. 142, 171 S.E.2d 453 (1970).

Second, we are unable to deduce any way in which defendant would have been prejudiced by the evidence had it not been withdrawn from the jury's consideration. While it is true that the evidence did tend to show that certain persons who had arrived at the scene of the crimes in the interval between their commission and the time that police arrived had no part in the commission of the offenses, it also tended to show that no fingerprints matching those of defendant or any of the co-defendants were found at the scene. It is incumbent upon an appellant not only to show error but also to show that the error was prejudicial to him. *E.g., State v. Partlow,* 272 N.C. 60, 157 S.E.2d 688 (1967). Furthermore, in light of the other overwhelming evidence which was adduced at trial, this evidence could not have been the difference between a guilty verdict and an acquittal. *See* G.S. § 15A-1443(a) (1978).

Third, as to the motion for mistrial itself, this was a matter

addressed to the sound discretion of the trial judge and his ruling thereon will not be disturbed absent a showing of abuse of discretion. G.S. § 15A-1061 (1978); *e.g., State v. McLean,* 294 N.C. 623, 242 S.E. 2d 814 (1978). We find no abuse of discretion in the present case.

## DEFENDANT JOHNNY SMITH'S APPEAL

**[2]** This defendant contends first that the trial court erred in consolidating his case for trial with that of defendant Joseph Smith. There is no merit in this contention.

G.S. § 15A-926(a) provides that "[t]wo or more offenses may be joined . . . for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan . . . ." In the case at hand, defendants Smith were charged in separate indictments with the same crimes. They were tried upon the theory that the murder, with which they were charged, was committed in connection with a robbery committed by them jointly. Their defenses were not antagonistic and neither attempted to incriminate the other in the presentation of an alibi. We hold that the court properly consolidated the cases for trial. *State v. Madden,* 292 N.C. 114, 232 S.E.2d 656 (1977); *State v. Mitchell,* 288 N.C. 360, 218 S.E.2d 332 (1975), *death sentence vacated,* 428 U.S. 904 (1976).

Defendant Johnny Smith contends next that the trial court erred in denying his motion *in limine* concerning evidence of an alleged armed robbery in Smithfield. We find no merit in this contention.

The record fails to disclose that any evidence relating to an armed robbery in Smithfield was introduced. When the state began questioning one of its witnesses with respect to the murder weapon being found in Smithfield on 7 April 1979, and defendant Joseph Smith being seen in that city on that date, the court in the absence of the jury cautioned the prosecuting attorney that any reference to an unrelated offense could result in a mistrial of the case *sub judice.* Thereupon, the state carefully limited the evidence to the finding of the murder weapon and the presence of defendant Joseph Smith in Smithfield on that date, evidence which was relevant to the case being tried. We perceive no error.

**[3]** Finally, defendant Johnny Smith contends that the court erred

in admitting evidence of fingerprints found on the murder weapon, as well as the cards containing his fingerprints. This contention has no merit. Defendant Johnny Smith argues that this evidence "was extraneous to the issues in the trial" and that the fingerprints found on the weapon were never linked to him. We reject this argument. While the fingerprints were those of defendant Joseph Smith, rather than defendant Johnny Smith, the evidence of the fingerprints was relevant because the state proceeded upon a theory of acting in concert. ". . . [I]n criminal cases, every circumstance that is calculated to throw any light upon the supposed crime is admissible." *State v. Hamilton,* 264 N.C. 277, 286, 141 S.E.2d 506, 513 (1965), *cert. denied,* 384 U.S. 1020 (1966).

As to the cards containing this defendant's fingerprints, the record indicates that they were not allowed to remain in evidence. Even so, since defendant Johnny Smith's prints were not found on the murder weapon or at any place at the scene of the offenses, we perceive no prejudice to him.

\* \* \*

We conclude that both defendants received fair trials, free from prejudicial error.

No error.