STATE OF NORTH CAROLINA v. THOMAS EARL CARR

No. 825SC564

(Filed 5 April 1983)

1. **Searches and Seizures § 11— probable cause for seizure of vehicle—removal to another county**

     An officer of Pender County had probable cause to believe that defendant's automobile contained firearms taken in a breaking and entering in such county at the time he observed it in New Hanover County, and his seizure and removal of the automobile to the Pender County Sheriff's Department were reasonable and authorized under the Fourth Amendment, where the officer had been advised that a home had been broken into two days earlier, that 21 firearms were stolen therefrom, and that when the owner arrived home and confronted defendant, defendant hurriedly drove away; the officer was given a description of the defendant and the automobile he was driving; and the automobile defendant was operating in New Hanover County fit the description.

2. **Searches and Seizures § 40— search pursuant to a warrant—discovery of items not listed in warrant**

     An officer's testimony concerning his observation of a wallet and a mustard jar containing coins and a church envelope during his search of defendant's automobile pursuant to a warrant which listed 21 firearms, including a small handgun, as the items to be seized was admissible under the "plain view" doctrine where the officer observed the wallet and mustard jar while searching boxes in the trunk of the automobile; the officer testified that a small handgun could be concealed in the boxes; and the officer inadvertently discovered the wallet and mustard jar while searching in an area he was clearly authorized to search.

**3. Criminal Law § 173— invited error**

Where defense counsel agreed during his cross-examination of an officer to have the officer read a search warrant and accompanying affidavit in their entirety, defense counsel invited any error in the officer's reading of a portion of the affidavit which recited that defendant had previously been convicted of breaking or entering and larceny, and defendant cannot complain thereof on appeal.

**4. Criminal Law § 128.2— absence of alibi witness—denial of mistrial**

In a prosecution for felonious breaking or entering and larceny, the trial court did not abuse its discretion in the denial of defendant's motion for mistrial because of the absence from the trial of a subpoenaed alibi witness where the witness's testimony could not reasonably have affected the outcome of the trial in light of the substantial evidence presented by the State placing defendant at the scene of the crimes.

**5. Burglary and Unlawful Breakings § 5.8— breaking or entering and larceny at residential premises—sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of defendant for breaking or entering of a home and larceny of firearms therefrom.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 14 January 1982 in Superior Court, PENDER County. Heard in the Court of Appeals 6 December 1982.

Defendant was indicted for felony breaking and entering and felony larceny. A jury returned a guilty verdict on each count. From judgment imposing an active sentence of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Robert L. Hillman, for the State.*

*Ernest B. Fullwood, for defendant appellant.*

JOHNSON, Judge.

Evidence for the State tended to show the following: Around 5:25 p.m., 3 August 1981, Elmon Hollis was returning to his home in Pender County when he observed defendant pulling away from the Hollis' carport in a 1970 blue Dodge, license number WLC580. At that time, Elmon Hollis' car blocked defendant's departure. Defendant stuck his head out of his car window and asked Elmon Hollis if he knew of any Hollises in the area. When Elmon Hollis said he did because he was a Hollis, defendant replied, "Yes. I know you are one, but I'm looking for another one." Defendant

then stated that the Hollis he was looking for lived further south. Because of the way defendant was acting, Hollis pulled his car forward in order to talk further with defendant. As he pulled forward, defendant drove away in a hurry. Hollis observed that defendant's car was sitting low in the rear. Hollis entered his house, discovered that the inside carport door was open and the lock broken off. A total of twenty-one guns consisting of rifles, shotguns, and one pistol were missing. In addition, three jars of silver coins, an old wallet, and some other items were missing. One of the jars was a mustard jar containing coins and a white envelope with the inscription, Ogden Baptist Church. The missing items were valued at approximately $6,000. Mr. Hollis had not given permission to anyone to enter the premises or to take the property. Hollis reported the incident to the Pender County Sheriff's Department and gave a description of the defendant and the automobile he was operating.

On 5 August 1981 defendant, while operating the automobile described by Hollis, was stopped in New Hanover County by Officer W. H. Chipps of the Pender County Sheriff's Department. Officer Chipps seized the vehicle, drove it from New Hanover County to the Pender County Sheriff's Department, and after obtaining a search warrant to search for the twenty-one firearms searched the entire automobile. In the trunk of the automobile Officer Chipps found an old brown wallet and what he described as a French's mustard jar containing coins and a white envelope with the inscription Ogden Baptist Church. At the time of the search Officer Chipps was not aware that a wallet and jar containing coins were also taken from the Hollis residence. Officer Chipps released the vehicle and its contents to defendant after failing to discover any weapons during the search. Through cross-examination of defendant's witness, Linda Lamb, it was established that defendant did not attend Ogden Baptist Church.

Defendant did not testify, but through Linda Lamb presented evidence which tended to show that he was at her house in New Hanover County, Wilmington, N.C., on 3 August 1981 until 4:30 p.m.

Defendant contends the trial court erred (1) in its denial of defendant's motion to suppress Officer Chipps' testimony regarding his discovery of the wallet and mustard jar; (2) in admitting

evidence of defendant's prior record; (3) in its denial of defendant's motion for a mistrial and; (4) in its denial of defendant's motion to dismiss at the close of all the evidence.

By his first assignment of error defendant contends that the seizure of his automobile was (a) unconstitutional because of the lack of probable cause and was illegal because the officer seizing it was beyond his territorial jurisdiction and; (b) that the search conducted exceeded the scope of the search warrant. Based upon these contentions, defendant argues that trial court erred in admitting into evidence, over defendant's objection and motion to suppress, Officer Chipps' testimony concerning the wallet, the mustard jar and its contents.

Where there is probable cause to search an automobile, the officer may (1) seize and hold the automobile before presenting the probable cause issue to a magistrate or (2) the officer may seize the automobile and conduct an immediate search without a warrant where exigent circumstances make it impracticable to obtain a search warrant.[1] *State v. Allen,* 282 N.C. 503, 194 S.E. 2d 9 (1973); *State v. Ratliff,* 281 N.C. 397, 189 S.E. 2d 179 (1972); *State v. Johnson,* 29 N.C. App. 534, 225 S.E. 2d 113 (1976). For constitutional purposes there is no difference between seizing and holding the vehicle before presenting the probable cause issue to a magistrate on the one hand and on the other, carrying out an immediate search without a warrant; given probable cause to search, either course is reasonable under the Fourth Amendment. *State v. Ratliff, supra; State v. Johnson, supra.*

In *State v. Johnson* the State's evidence showed that two men entered a store and robbed the proprietor. After the men left the store, the proprietor went to the door in order to obtain aid and saw four males leaving in a white Ford. Thereafter, an officer observed four men in a 1965 white Ford. The automobile was stopped and seized and the four occupants arrested. The automobile was taken to the Sheriff's Department and searched without a warrant. Defendants' motions to suppress evidence obtained from the search were denied. In holding that probable cause existed for the search, this Court stated:

---

1. A warrantless seizure and search for an automobile may also be made when it is incident to a valid arrest. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed. 2d 685 (1969); *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440 (1970).

"[T]he totality of the circumstances gave the officer reasonable grounds to believe that defendants had committed a crime and that the automobile in which they were riding contained evidence pertaining to the crime. Probable cause to search existed at the time of the arrest and continued to exist when the automobile was searched at the Sheriff's office."

29 N.C. App. at 539, 225 S.E. 2d at 116.

[1] The facts establishing probable cause for the search of the defendant's vehicle in the present case at the time it was observed by Officer Chipps on 5 August 1981 are as follows: Officer Chipps had been advised that on 3 August 1981 the home of Elmon Hollis had been burglarized and that twenty-one firearms were stolen therefrom; that after Hollis arrived home and confronted defendant, defendant hurriedly drove away from the Hollis residence. Officer Chipps was also given a description of the defendant and the automobile he was driving. Two days after the break-in, Officer Chipps observed defendant operating an automobile in New Hanover County that fit the description.

As in *State v. Johnson, supra,* the totality of the circumstances gave Officer Chipps reasonable grounds to believe that the defendant committed the crimes and that the automobile defendant was operating contained firearms taken from the Hollis residence on 3 August 1981. Given probable cause to search defendant's automobile at the time he observed it in New Hanover County, Officer Chipps was authorized to either seize and hold the automobile before presenting the probable cause issue to a magistrate or to seize the automobile and conduct an immediate search because exigent circumstances presented a "fleeting opportunity" which made it impracticable to secure a search warrant. Here, where the exigent circumstances consisted of the mobility of the vehicle, the defendant having been alerted, and the risk that the vehicle's contents might never be found again if a warrant were to be obtained, Officer Chipps chose the former alternative. The seizure of the vehicle and Officer Chipps' action in removing the vehicle to the Pender County Sheriff's Department were reasonable and authorized under the Fourth Amendment.

Next, defendant argues that the seizure of his automobile was illegal because Officer Chipps was outside his territorial

jurisdiction. In support of his argument defendant cites G.S. 15A-402(b) which states:

> Territorial Jurisdiction of County and City Officers.—
> Law-enforcement officers of cities and counties may arrest persons within their particular cities or counties and on any property and rights-of-way owned by the city or county outside its limits.

The State contends that the territorial jurisdiction of county officers to arrest is extended by G.S. 15A-402(e) which states:

> County Officers, Outside Territory, for Felonies.—
> Law-enforcement officers of counties may arrest persons at any place in the State of North Carolina when the arrest is based upon a felony committed within the territory described in subsection (b).

We note that the seizure of the vehicle was not incidental to the arrest of the defendant. Defendant was arrested six hours after the seizure of the vehicle. We also note that the cited statutory provisions explicitly pertain to the territorial jurisdiction of an officer to make an arrest. The arguments presented raise the issue of whether the statute extending the officer's territorial jurisdiction to make an arrest applies to the situation where the officer has made a seizure of personal property beyond his jurisdictional authority. However, we do not reach the issue of whether the seizure of personal property is equivalent to the seizure of the person referred to by the term "arrest" in G.S. 15A-402(b) and (e) so as to render the seizure legally valid, in light of our holding that the seizure of the automobile was constitutionally valid.

[2] The next argument defendant presents is that the search conducted by Officer Chipps exceeded the scope of the search warrant. Evidence regarding this issue shows that Officer Chipps searched the entire automobile pursuant to a validly issued warrant which listed twenty-one firearms as the items to be seized (a total of twenty rifles and shotguns and one small handgun). In the trunk of the automobile were several boxes which contained an assortment of neckties, bow ties, and scarves. In searching the boxes, Officer Chipps discovered a wallet and a mustard jar. The glass jar was transparent and without removing the cap of the jar

he observed that it contained coins and a white envelope with the inscription Ogden Baptist Church. At the time of the search Officer Chipps was not aware that a wallet and mustard jar containing coins and a white envelope bearing the inscription Ogden Baptist Church had been taken from the Hollis residence. Officer Chipps did not find any weapons and released the automobile and its contents.

The scope of a search warrant is defined by the object of the search and the places in which there is probable cause to believe that it may be found. G.S. 15A-253; *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed. 2d 572 (1982). In *Ross* the United States Supreme Court stated:

> [A] warrant that authorize an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found.

456 U.S. at 821, 102 S.Ct. at 2170, 72 L.Ed. 2d at 591.

In the case *sub judice* Officer Chipps testified that one of the weapons was a small handgun that could be concealed in the boxes. Officer Chipps searched those places of the vehicle, including the boxes, where there was probable cause to believe that a weapon might reasonably be found. While searching in an area he was clearly authorized to search, he inadvertently discovered the wallet and mustard jar and he was able to observe the contents of the jar without removing its cap. While Officer Chipps did not seize and hold the wallet and mustard jar as evidence, had he done so, they would have been admissible under the "plain view" doctrine as set forth in *Coolidge v. New Hampshire*, 403 U.S. 443, 29 L.Ed. 2d 564, 91 S.Ct. 2022, *reh. den.*, 404 U.S. 874, 30 L.Ed. 2d 120, 92 S.Ct. 26 (1971) and as applied by our Supreme Court in *State v. Richards*, 294 N.C. 474, 242 S.E. 2d 844 (1978) and *State v. Williams*, 299 N.C. 529, 263 S.E. 2d 571 (1980). It therefore follows that Officer Chipps' testimonial evidence regarding the discovery of these items is also admissible under the "plain view" doctrine.

The United States Supreme Court, in discussing the rationale behind the plain view doctrine stated:

> "Where, once an otherwise lawful search is in progress, the police inadvertently came upon a piece of evidence, it would

often be a needless inconvenience, and sometimes danger-ous—to the evidence or to the police themselves—to require them to ignore it until they have obtained a warrant par-ticularly describing it."

403 U.S. at 467-68, 29 L.Ed. 2d at 584, 91 S.Ct. at 2039. In *State v. Williams* the officers, pursuant to a valid search warrant, searched a mobile home for heroin. During the course of the search the officers searched a dresser and saw some photographs and letters. Later, during the course of the search they found heroin in another area of the mobile home. After seizing the heroin the officers seized the photographs and letters as evidence to prove ownership of the mobile home. The trial court denied defendants' motion to suppress. In holding that the seizure was constitutionally valid under the "plain view" doctrine the Supreme Court stated:

Having seen the letters and photographs in a place where he was clearly authorized to search for heroin, Deputy Parin was not required thereafter to forget or ignore the fact that he had seen them.

299 N.C. at 532, 263 S.E. 2d at 573.

Likewise, Officer Chipps was conducting a search pursuant to a valid warrant. He was searching an area that he was authorized to search by the scope of the warrant when he inadvertently discovered the wallet and mustard jar. Under the plain view doc-trine, Officer Chipps was not required to forget the fact that he had seen this evidence. His testimonial evidence regarding the wallet, the mustard jar, and the jar's contents was correctly ad-mitted as the physical evidence itself would have been had Chipps seized it and the State tendered it for admission. Therefore, the testimony objected to was properly admitted into evidence.

[3] Defendant next contends the trial court erred in admitting evidence of defendant's prior criminal record when defendant did not take the stand and testify on his own behalf.

On cross-examination defense counsel questioned Officer Chipps about the contents of the search warrant and accompany-ing affidavit. During this cross-examination defense counsel agreed to have Officer Chipps read the search warrant and accom-panying affidavit in their entirety. After Officer Chipps had read

most of the affidavit, defense counsel objected to that portion of the affidavit which recited that defendant had previously been convicted of breaking or entering and larceny. The testimony was admitted over defendant's objection.

By agreeing to have these documents read in their entirety, defense counsel invited any error that may have occurred by the admission of the testimony regarding the prior convictions. Defendant may not now complain of the admission of this testimony brought out by his counsel in the cross-examination of the State's witness. *State v. Satterfield,* 27 N.C. App. 270, 218 S.E. 2d 504 (1975).

Even if we were to hold that the trial court erroneously admitted this testimony over defendant's subsequent objection, its admission did not constitute prejudicial error. An error is only prejudicial if there is a reasonable possibility that a different result would have occurred at trial if the error had not been committed. G.S. 15A-1443(a).

Defendant relies upon *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1972) in arguing that admission of the evidence was prejudicial error. However, in contrast to the case *sub judice,* the evidence presented in *Spillars* was much weaker against that defendant and there was no direct evidence at all placing him at the scene of the crime. In *Spillars* the trial court admitted into evidence a search warrant and the accompanying affidavit which contained hearsay statements indicating defendant's complicity in another crime. The Supreme Court held that the admission of the exhibits containing statements indicating defendant's complicity in another crime allowed the State to strengthen its case, and under the circumstances of the case, the erroneous admission resulted in error prejudicial to defendant. Given the weight of the evidence against defendant Carr, admission of the evidence of defendant's prior convictions did not prejudicially strengthen the State's case and could not reasonably have affected the outcome of the trial. This assignment of error is without merit.

[4] Defendant's next assignment of error concerns the trial court's denial of his motion for mistrial. Although defendant did not testify, he produced evidence that he was with Linda Lamb in Wilmington until 4:30 p.m. on 3 August 1982. Defendant had subpoenaed another alibi witness, Leroy Moore, to testify on his

behalf. Moore appeared in court on the first day of the session, but failed to appear the next day at defendant's trial. In support of his motion for mistrial defense counsel stated that it was his information that the witness would testify that at the time of the alleged crime, defendant was with Moore at his residence in Pender County some ten miles away from the Hollis home. Further, that as soon as counsel for defendant learned there might be a problem with Moore's attendance at trial, a diligent effort was made to locate him. Yet, despite their efforts the Pender County sheriff and defense counsel had been unable to locate Moore in time for the trial. The motion for mistrial was denied and defendant now argues that this denial was a violation of his constitutional right to compel the attendance and testimony of witnesses for his defense.

The trial judge must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings resulting in substantial and irreparable prejudice to the defendant's case. G.S. 15A-1061.

Even when it is error to deny defendant's motion for mistrial, it is incumbent upon an appellant not only to show error but also to show that the error was prejudicial to him. *State v. Smith*, 301 N.C. 695, 272 S.E. 2d 852 (1981). Where the error claimed could not have made the difference between a guilty verdict and an acquittal, no prejudice results to the defendant. *Id.* at 697, 272 S.E. 2d at 855. *See also* G.S. 15A-1443(a).

Defendant's motion for mistrial was based upon his inability to present the testimony of his alibi witness. Defense counsel admitted that every effort had been made to locate the witness, but without success. In light of the substantial evidence presented by the State placing defendant at the scene of the crime, the evidence complained of could not reasonably have affected the outcome of the trial. *State v. Smith, supra.*

Further, as to the motion for mistrial itself, the decision whether mistrial is warranted due to the occurrence of substantial and irreparable prejudice to defendant lies within the sound discretion of the trial judge, and absent a showing of abuse of that discretion, the decision of the trial court will not be disturbed on appeal. *State v. Mills*, 39 N.C. App. 47, 249 S.E. 2d 446

(1978), *cert. denied,* 296 N.C. 588, 254 S.E. 2d 33 (1979). Defendant has demonstrated no abuse of discretion in the present case.

[5]   By his final assignment of error, defendant contends the trial court erred in denial of defendant's motions to dismiss at the close of all the evidence and to set aside the verdict.

It is well established that in determining whether there is evidence sufficient for the judge to submit a case to the jury, all of the evidence, whether competent or incompetent, must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference therefrom. *State v. Fletcher,* 301 N.C. 709, 272 S.E. 2d 859 (1981); *State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977); *State v. Roseman,* 279 N.C. 573, 184 S.E. 2d 289 (1971).

After a thorough review of the record we are of the opinion there was sufficient competent evidence of every essential element of the offenses charged and sufficient competent evidence for the jury to find that defendant committed those offenses. Therefore, we conclude that the verdicts are supported by the evidence and the judgments and commitments are supported by the verdicts.

In defendant's trial we find

No error.

Judges ARNOLD and BRASWELL concur.