STATE OF NORTH CAROLINA v. JAMES DANIEL SIMMONS

No. COA03-1048

(Filed 3 August 2004)

**1. Appeal and Error— record—verdict sheet lost—transcript of verdict return included—sufficient for appellate review**

The transcript of the return of the verdict provided sufficient information on appeal to determine the crime of which defendant was convicted, even though the jury verdict sheet was absent from the trial court file.

**2. Criminal Law— judgment and commitment—not supported by verdict**

A judgment and commitment for possession of cocaine with intent to sell and deliver was not supported by a verdict of guilty of possession of cocaine, and the case was remanded for entry of a judgment and commitment for possession of cocaine.

**3. Sentencing— habitual felon—possession of cocaine**

A conviction for possessing cocaine may be used to prove habitual felon status.

Appeal by defendant from judgment and commitment entered 29 January 2003 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 19 May 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Rudy Renfer, for the State.*

*Brian Michael Aus, attorney for the defendant.*

TIMMONS-GOODSON, Judge.

James Daniel Simmons ("defendant") appeals his convictions of possessing cocaine and attaining habitual felon status. For the reasons stated herein, we affirm in part and vacate in part the judgment of the trial court.

The evidence presented at trial tends to show the following: At approximately 8:30 a.m. on 31 December 2001, police officer Bret Moyer ("Officer Moyer") was parked in a patrol vehicle monitoring traffic at the intersection of Liberty Street and 14th Street in Winston-Salem, North Carolina. Officer Moyer observed a vehicle drive through a red light into the intersection. He began to follow the vehicle, and observed the vehicle passenger throw a paper bag containing a beer bottle into the street. Officer Moyer activated his blue lights and effected a vehicle stop.

Officer Moyer walked up to the driver's side of the vehicle and spoke to the driver. He observed defendant in the passenger seat pulling tobacco out of a cigar, a practice Officer Moyer considered to be consistent with marijuana consumption. Officer Moyer asked the driver for his driver's license and gave it to Officer Horatious Bowen ("Officer Bowen") to run a check on the license. Officer Bowen informed Officer Moyer that the driver's license was revoked. Officer Moyer arrested the driver for driving with a revoked driver's license, and arrested defendant for littering. A search of the vehicle incident to the arrests revealed marijuana, a "large bag of unknown white powder," a loaded .25 caliber semi-automatic handgun, a sandwich bag full of coffee grounds, a pager and money.

Defendant and the driver of the car were taken to the Forsyth County Jail for booking. Defendant was taken into a search room by Officer Moyer and Officer Jeff Azar ("Officer Azar") where he was searched for contraband prior to being placed in jail. When defendant untucked his shirt as ordered by the police officers, a bag of crack cocaine fell out of his waistband onto the floor. Defendant dove on top of the bag. The police officers tried to take the bag from defendant but he grabbed it, put it into his mouth and swallowed it.

The police officers immediately took defendant to the hospital where he was placed under medical supervision at 10:00 a.m. while Officer Moyer obtained a search warrant for defendant's bodily fluids and excrement. At approximately 8:30 p.m. defendant began to vomit onto the sheet of the hospital bed. A nurse removed the soiled sheet and, at the direction of police officer Ronald Beasley ("Officer Beasley"), spread the sheet onto the floor. Officer Beasley searched the sheet and located one white rock and several crumbs. These materials were later tested by the State Bureau of Investigation and determined to be cocaine.

Defendant was indicted on charges of possession with intent to sell and deliver cocaine and attaining habitual felon status. Defendant's case was tried before a jury which found defendant guilty of the lesser-included offense of possession of cocaine. Defendant subsequently pled guilty to the habitual felon charge. It is from these convictions that defendant appeals.

As an initial matter, we note that defendant's brief contains arguments supporting only three of the original five assignments of error on appeal. The omitted assignments of error are deemed abandoned pursuant to N.C.R. App. P. 28(b)(6) (2004). We therefore limit our review to those assignments of error addressed in defendant's brief.

The remaining issues on appeal are whether (I) the conviction is invalidated by the absence of the jury verdict sheet from the trial court file; (II) the trial court erred by indicating on the judgment and commitment worksheet that defendant was convicted of possession with intent to sell and deliver cocaine; (III) the trial court erred by including defendant's two prior convictions for possession with intent to sell and distribute cocaine in its determination of defendant's habitual felon status.

[1] Defendant first argues that his conviction is invalid because the jury verdict sheet is absent from the trial court file. We disagree.

Generally, the jury's "verdict must be in writing, signed by the foreman, and made a part of the record of the case." N.C. Gen. Stat. § 15A-1237(a) (2003). The failure to include the verdict sheet has previously been grounds for dismissal of an appeal. See State v. Felmet, 302 N.C. 173, 176, 273 S.E.2d 708, 711 (1981); State v. Hunter, 245 N.C. 607, 609, 96 S.E.2d 840, 841 (1957) (per curiam); State v. Currie, 206 N.C. 598, 599, 174 S.E. 447, 447 (1934) (per curiam).

However, in *State v. Gray*, our Supreme Court held that although the verdict sheet was lost in the office of the clerk of superior court the record was sufficient for appellate review. 347 N.C. 143, 491 S.E.2d 538 (1997), *cert. denied*, 523 U.S. 1031 (1998), *overruled on other grounds by State v. Long*, 354 N.C. 534, 557 S.E.2d 89 (2001). In *Gray*, the defendant contended that because the verdict sheet was lost, no valid verdict existed in the case and no judgment may be imposed. He argued that in the absence of a written verdict sheet, there is no way for the Supreme Court to determine whether the verdict was properly returned. The Supreme Court noted that the judge and the clerk of court examined the verdict sheet when the jury submitted it to the court, and that the judge polled the jurors, and each juror stated that he or she agreed with the verdict. The Supreme Court stated that "[i]f there was an irregularity in the verdict, [the judge and the clerk of court] would have found it." *Gray*, 347 N.C. at 177-78, 491 S.E.2d at 553. Thus, the Supreme Court held that "[t]he record is sufficient for us to determine the appeal." *Gray*, 347 N.C. at 178, 491 S.E.2d at 553.

The case *sub judice* is analogous to *Gray*. The verdict sheet is absent from the record because it was lost in the office of the clerk of the superior court. However, the trial transcript provides as follows:

THE COURT: Mr. Duncan, as foreperson of the Jury, you and the Members of the Jury have reviewed the evidence and have reached a unanimous verdict in this case?

FOREPERSON: Yes, sir.

THE COURT: And you've reflected that and signed and dated the verdict sheet?

FOREPERSON: Yes, sir.

THE COURT: All right, if you will present that to the Sheriff and we appreciate that.

(Verdict sheet handed to the Court.)

THE COURT: All right, Madam Clerk, if you will publish the verdict of the Jurors?

CLERK: Members of the Jury, your foreman has returned the following verdict in open court in the matter of State of

North Carolina versus James Daniel Simmons. In case number 02 CRS 0026—excuse me, it's 02 CRS 50026, we, the Jury, unanimously find the Defendant, James Daniel Simmons, guilty of possession of cocaine. Members of the jury, was this your verdict, so say you all?

(Jurors respond in an affirmative manner.)

Thus, as in *Gray*, we conclude that there is sufficient information in the record to determine the crime of which defendant was convicted. Accordingly, we hold that defendant's conviction is valid despite the absence of a verdict sheet in the record.

[2] Defendant next assigns error and the State concedes that the judgment and commitment worksheet erroneously indicate that defendant was convicted of possession with intent to sell and deliver cocaine and sentencing defendant as a Class H felon.

Defendant was indicted for the crime of possession with intent to sell and deliver cocaine. However, after the evidence was presented at trial, the trial court found it appropriate to instruct the jury only on the lesser-included crime of possession of cocaine. The jury found defendant guilty of possession of cocaine. Nevertheless, the trial court subsequently entered a judgment and commitment which provided that defendant was guilty of possession with intent to sell and deliver cocaine, and sentenced defendant as a Class H felon. The trial court erred.

When a defendant is convicted of a crime, the trial court must issue an appropriate written commitment order which must include "the identification and class of the offense or offenses for which the defendant was convicted." N.C. Gen. Stat. § 15A-1301 (2003). The commitment order must be supported by the verdict rendered at trial, and the verdict must be supported by the evidence presented at trial. *See generally State v. Riddle*, 300 N.C. 744, 746, 268 S.E.2d 80, 82 (1980) *and State v. Carr*, 61 N.C. App. 402, 412, 301 S.E.2d 430, 437 (1983).

Possession of cocaine is punishable as a Class I felony. N.C. Gen. Stat. § 90-90(1)(d) and § 90-95(a)(3) and (d)(2) (2003). Possession with intent to sell and deliver cocaine is punishable as a Class H felony. N.C. Gen. Stat. § 90-90(1)(d) and § 90-95(a)(1) and (b)(1) (2003).

In the case *sub judice*, the jury found defendant guilty of possession of cocaine, a verdict which was supported by the evidence presented at trial. However, the judgment and commitment incorrectly states that defendant was convicted of the greater offense of possession with intent to sell and deliver cocaine. Thus, the judgment and commitment are not supported by the verdict. Incidental to the trial court's misidentification of the offense, the judgment and commitment also sentences defendant for a Class H felony instead of the Class I felony for which he was convicted. Accordingly, we vacate the judgment and commitment as it pertains to possession with intent to sell and deliver cocaine, and remand the case to the trial court for entry of a judgment and commitment consistent with the verdict rendered at trial with respect to the identification of the offense and the sentence imposed on defendant.

[3] Defendant also argues that the trial court erred by sentencing him as a habitual felon following his conviction of possessing cocaine. We disagree.

North Carolina General Statute § 14-7.1 (2003) defines a habitual felon as "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof." Our Supreme Court has recently held that "possession of cocaine is a felony and therefore can serve as an underlying felony to an habitual felon indictment." *State v. Jones*, 358 N.C. 473, 476, 598 S.E.2d 125, 127 (2004).

In accordance with *Jones*, we hold that defendant's conviction of possessing cocaine may be used to prove defendant's habitual felon status.

NO ERROR in part, VACATED in part, and REMANDED.

Judges McGEE and TYSON concur.