STATE OF NORTH CAROLINA v. OMAR SARIK BATTLE, DEFENDANT

No. COA03-1626

(Filed 4 January 2005)

**1. Drugs— possession of cocaine with intent to sell—sufficiency of evidence—intent to sell**

The trial court erred by failing to dismiss the charge of possession of cocaine with intent to sell and the case is remanded for resentencing on the lesser-included offense of possession of cocaine because although the State presented substantial evidence as to the element of constructive, if not actual, possession of the cocaine found in the motel room, the State presented little evidence supporting defendant's alleged intent to sell cocaine.

**2. Drugs— intentionally keeping and maintaining room for purpose of selling cocaine—motion to dismiss—sufficiency of evidence**

The trial court erred by failing to dismiss the charge of intentionally keeping and maintaining a room for the purpose of selling cocaine, because: (1) only 1.9 grams of compressed powder cocaine, little enough to have been for personal use only according to the State's own chemist, was found; (2) the investigators found no implement with which to cut the cocaine, no scales to weigh cocaine doses, and no containers for selling cocaine doses in the motel room; and (3) investigators searched defendant's car and found neither drugs nor paraphernalia.

**3. Appeal and Error— preservation of issues—failure to argue assignment of error**

There was no error in defendant's conviction on the charge of possession of marijuana, an assignment of error defendant expressly abandoned.

Appeal by Defendant from conviction and sentence entered 21 August 2003 by Judge Cy A. Grant in Superior Court, Pitt County. Heard in the Court of Appeals 12 October 2004.

*Attorney General Roy Cooper, by Special Deputy Attorney General Donald R. Teeter, for the State.*

*Haral E. Carlin, for defendant-appellant.*

WYNN, Judge.

Defendant Omar Sarik Battle appeals from his conviction and sentence and argues that the trial court committed reversible error by failing to dismiss charges of possession of cocaine with intent to sell and intentionally keeping and maintaining a room for the purpose of selling cocaine, for which Defendant contends the State lacked sufficient evidence. After careful review, we affirm in part and reverse in part Defendant's conviction and sentence.

A brief procedural and factual history of the instant appeal is as follows: On 21 November 2002, Defendant and several others were in a room at a motel. Police investigators, visiting the area because it was known to be a hot spot for drug trade, asked to enter the motel room. Defendant's brother allowed the investigators into the room, where Defendant was first seen playing video games. After the investigators returned from an adjacent room where they made drug-related arrests, they found Defendant asleep on the bed. While the room was rented out to a Chris Rogers with Defendant's brother recorded as a guest, the room contained a number of Defendant's affects, including clothing and personal papers. Also, Defendant's car was parked in the motel parking lot.

The investigators searched the room, where they smelled and saw evidence of marijuana use. The investigators found 1.9 grams of compressed powder cocaine, which the State's own chemist agreed "it is fair to say that one person can use . . . for their own personal use," as well as 4.8 grams of marijuana. Testimony revealed that the investigators found no implement with which to cut the cocaine, no scales with which to weigh drug doses, and no containers for selling drug doses.[1] The investigators searched Defendant's car and found neither drugs nor paraphernalia indicating drug sales. The investigators found only seventy-one dollars on Defendant's person.

Defendant was arrested and indicted on charges of: (1) possession with intent to manufacture, sell, and deliver cocaine; (2) knowingly possessing with intent to use drug paraphernalia; (3) possessing less that one-half ounce of marijuana; and (4) intentionally maintain-

---

1. While one investigator stated that there were plastic bags and scales in the room, no scales or bags were presented as evidence, and that investigator later admitted that she was confusing the scene of Defendant's arrest with a crime scene in a neighboring motel room, where scales were indeed found. The only other investigator who testified at trial explicitly stated that "nothing else" was found other than the drugs and Defendant's personal affects.

ing a dwelling for the purpose of keeping or selling cocaine, to all of which Defendant pled not guilty.

Defendant was declared indigent and appointed counsel, and on 19 August 2003, trial began. Following the presentation of the evidence at trial, Defendant moved to have charges dismissed for lack of sufficient evidence as to the elements of the offenses charged. The trial court granted Defendant's motion as to possession with intent to use drug paraphernalia but denied the motion as to the other charges. On 21 August 2002, Defendant was convicted on all remaining charges and sentenced to a minimum of nineteen months and a maximum of thirty-four months imprisonment and $1625 in fees. Defendant appeals.

[1] Defendant first argues that the trial court committed reversible error in not dismissing the charge of possession of cocaine with intent to sell because the evidence was insufficient to convince a jury beyond a reasonable doubt. To withstand Defendant's motion, "the State was required to present substantial evidence that defendant (i) had either actual or constructive possession of the cocaine and (ii) possessed the cocaine with the intent to sell." *State v. Alston*, 91 N.C. App. 707, 709-10, 373 S.E.2d 306, 310 (1988) (citing *State v. Williams*, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983)). In determining whether there existed substantial evidence of each element of the offense, the evidence is viewed in the light most favorable to the State, with the State getting the benefit of all reasonable inferences. *Id.; see also State v. Price*, 344 N.C. 583, 587, 476 S.E.2d 317, 319 (same).

A person is in possession of a controlled substance when they have "the power and intent to control it; possession need not be actual[,]" but may be constructive. *State v. Rich*, 87 N.C. App. 380, 382, 361 S.E.2d 321, 323 (1987) (citation omitted); *State v. Harvey*, 281 N.C. 1, 187 S.E.2d 706 (1972) (finding possession of narcotics may be actual or constructive). In showing possession, the State is not required to prove that a defendant owned the controlled substance, nor that a defendant was the only person with access to it. *Rich*, 87 N.C. App. at 382, 361 S.E.2d at 323 (citations omitted). In *Rich*, for example, the State's evidence showed that the defendant was seen at the house where the illegal substance was found on the evening before and evening of the arrest, and that the defendant's clothes and mail were found in the house. The State's evidence was held to be sufficient to show that the defendant had constructive possession of the cocaine.

Here, the State demonstrated that Defendant was seen in the motel room where the drugs were found, playing video games and sleeping on the bed. While the room was rented out to a Chris Rogers, the room contained a number of Defendant's affects, including clothing and personal papers. Also, Defendant's car was parked in the motel parking lot. These facts constitute substantial evidence as to the element of constructive, if not actual, possession of the cocaine found in the motel room.

With regard to the "intent to sell" element of the cocaine offense, "[a] jury can reasonably infer from the amount of the controlled substance found within a defendant's constructive or actual possession and from the manner of its packaging an intent to transfer, sell, or deliver that substance." *State v. Morgan*, 329 N.C. 654, 659, 406 S.E.2d 833, 835 (1991) (citing, *inter alia*, *State v. Baxter*, 285 N.C. 735, 208 S.E.2d 696 (1974) (amount of marijuana found, its packaging, and presence of packaging materials indicated intent to sell); *Rich*, 87 N.C. App. 380, 361 S.E.2d 321 (twenty grams of cocaine plus packaging paraphernalia indicated intent to sell); *State v. Casey*, 59 N.C. App. 99, 296 S.E.2d 473 (1982) (possession of over 25,000 individually wrapped dosage units of LSD indicated intent to sell); *State v. Mitchell*, 27 N.C. App. 313, 219 S.E.2d 295 (1975) (possession of considerable inventory of marijuana plus other seized "suspicious" items indicated intent to sell)).

Here, the State presented little evidence supporting Defendant's alleged intent to sell cocaine. Only 1.9 grams of compressed powder cocaine—little enough, according to the State's own chemist, to have been only for personal use—was found. The investigators found no implement with which to cut the cocaine, no scales to weigh cocaine doses, no containers for selling cocaine doses.[2] The investigators further searched Defendant's car and found neither drugs nor paraphernalia. The State's meager evidence of intent to sell cannot be considered "substantial evidence" supporting the charge of possession of cocaine with intent to sell. *See State v. Wiggins*, 33 N.C. App. 291, 294-95, 235 S.E.2d 265, 268, *cert. denied*, 293 N.C. 592, 241 S.E.2d 513 (1977) (A relatively small drug quantity alone, "without some additional evidence, is not sufficient to raise an inference that the [drug] was for the purpose of distribution."). We therefore reverse Defendant's conviction and remand this matter to the trial court for resentencing on the lesser-included offense of possession of cocaine. *See State v. Simmons,* 165 N.C. App. 685, 689, 599 S.E.2d 109, 112

2. *See supra*, note 1.

(2004) (recognizing possession of cocaine as a lesser-included offense of possession of cocaine with intent to sell); *State v. Robinson*, 160 N.C. App. 564, 565, 586 S.E.2d 534, 535 (2003) (same).

[2] Defendant next argues that the trial court committed reversible error in not dismissing the charge of intentionally keeping and maintaining a room for the purpose of selling cocaine because the evidence was insufficient to convince a jury beyond a reasonable doubt. To withstand Defendant's motion, the State must show that Defendant intentionally and "knowingly ke[pt] or maintain[ed a] . . . dwelling house, building, . . . or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same[.]" N.C. Gen. Stat. §§ 90-108(a)(7), 90-108(b) (2003). The State's evidence of the offense is viewed in the light most favorable to the State. *Price*, 344 N.C. at 587, 476 S.E.2d at 319.

In determining whether a defendant maintained a dwelling *for the purpose of selling illegal drugs*, this Court has looked at factors including the amount of drugs present and paraphernalia found in the dwelling. For example, in *State v. Rosario*, 93 N.C. App. 627, 379 S.E.2d 434, *cert. denied*, 325 N.C. 275, 384 S.E.2d 527 (1989), the defendant was properly convicted on maintaining a dwelling with the intent to use it to sell drugs where the State showed delivery of a package of cocaine, discovery of additional cocaine, a cocaine grinder, and scales. *Rosario*, 93 N.C. App. at 638, 379 S.E.2d at 440. In *State v. McDougald*, 18 N.C. App. 407, 197 S.E.2d 11, *cert. denied*, 283 N.C. 756, 198 S.E.2d 726 (1973), the defendant's possession of 276 grams of marijuana, concealment of the marijuana, and the marijuana's being separated into twenty smaller containers, indicating that it was being broken up for ready distribution, was held properly to support a jury finding that the defendant intended to sell the marijuana.

Here, the State has presented little evidence supporting the charge that Defendant intentionally kept and maintained a room for the purpose of selling cocaine. As stated earlier, only 1.9 grams of compressed powder cocaine—little enough, according to the State's own chemist, to have been for personal use only—was found. The investigators found no implement with which to cut the cocaine, no scales to weigh cocaine doses, and no containers for selling cocaine doses. The investigators further searched Defendant's car and found neither drugs nor paraphernalia. The State's meager evidence of

intent to sell cannot be considered "substantial evidence" supporting the charge of intentionally keeping and maintaining a room for the purpose of selling cocaine.

**[3]** In sum, we find no error in Defendant's conviction on the charge of possession of marijuana—an assignment of error Defendant expressly abandoned. However we do find error in Defendant's convictions on the charges of possession of cocaine with intent to sell and intentionally keeping and maintaining a room for the purpose of selling cocaine. We therefore affirm Defendant's conviction for possession of marijuana; reverse his convictions for possession of cocaine with intent to sell and intentionally keeping and maintaining a room for the purpose of selling cocaine; and remand this matter to the trial court for resentencing on the lesser-included offense of possession of cocaine.

No error in part, reversed in part, and remanded for resentencing.

Judge HUNTER concurs.

Judge THORNBURG concurred prior to 31 December 2004.