STATE OF NORTH CAROLINA v. RODNEY EUGENE TURNER, Defendant

No. COA03-1667

(Filed 18 January 2005)

**1. Drugs— possession—constructive—hand movement under blanket**

There was sufficient evidence of constructive possession of cocaine where defendant and his codefendant appeared to officers searching a house to be passing a tube of crack cocaine back and forth under a blanket which was between them on the loveseat on which they were sitting.

**2. Drugs— intent to sell—deputy's opinion of normal amount for personal use—sufficiency of evidence**

There was insufficient evidence of intent to sell cocaine where the only evidence of intent was a deputy's testimony that the amount of crack found was more than most people would "normally" or "generally" carry for personal use. However, a conviction for possession with intent to sell necessarily includes the lesser offense of possession.

Appeal by defendant from judgment entered 25 July 2003 and order entered on 11 August 2003 by Judge Robert C. Ervin in Gaston County Superior Court. Heard in the Court of Appeals 1 September 2004.

*Attorney General Roy C. Cooper, by Assistant Attorney General Roberta A. Ouellette, for the State.*

*William B. Gibson, for defendant-appellant.*

GEER, Judge.

Defendant Rodney Eugene Turner appeals his conviction for possession of cocaine with intent to sell and deliver, arguing that the evidence was insufficient to support the charge and the trial court should have granted his motion to dismiss. While we hold that the evidence was sufficient for a jury to find that defendant was in constructive possession of crack cocaine, we further hold that the evidence was insufficient to establish an intent to sell and deliver. Accordingly, we vacate the judgment imposed upon the verdict of guilty of possession with intent to sell and deliver and remand for resentencing for simple possession of cocaine.

**STATE v. TURNER**

[168 N.C. App. 152 (2005)]

Facts

The State's evidence tended to show the following. On 13 November 2001, police went to the residence of Neal Terry to serve an arrest warrant on Terry for violating his probation. They found Terry standing in his kitchen with another individual, Charles Byrd. Seated on a loveseat in the adjoining living room were defendant and Ishmar Smith, who were visitors. Police also found an unnamed female in one of the bedrooms. After Terry was taken into custody, he consented to a search of his house.

In the course of the search, Deputy R.T. Smith found a tube containing approximately ten rocks of a white substance, later determined to be crack cocaine. The tube was concealed under a blanket that was draped over the loveseat between defendant and Ishmar Smith. Deputy Smith testified as follows:

Q. And did you notice anything out of the ordinary when you approached where the two defendants [defendant and Ishmar Smith] were on the loveseat?

A. When we stepped—or when I stepped into the living room, I noticed the two defendants sitting. They were real jittery, and that they kind of had their hands on the outside of their legs, which would—toward each other. It's kind of if they're on the loveseat like so, you had one here and one here, and there was their legs coming out like so. And then they had hands here that was jumbling back and forth real nervously.

Q. Did you see anything else in that area where those hands were?

A. There was a blanket that was—that had been draped over the loveseat for one reason or another, and they kind of had the blanket wadded up a little bit, and you could see the tip of a white tube.

Q. Where was that in relation to the hands of the two defendants?

A. It was being pushed back and forth kind of.

When asked to identify the tube at trial, Deputy Smith reiterated, "That appears to be the tube that they were passing back and forth, kind of, on the loveseat there."

STATE v. TURNER

[168 N.C. App. 152 (2005)]

According to Deputy Smith, the size and number of crack cocaine rocks in the tube were greater than a drug user would normally carry for personal purposes. Deputy Smith testified that the average drug user in possession of drugs for personal use would, at any one time, typically carry only one or two rocks worth approximately $20.00 to $30.00, while the ten rocks in the tube weighed a total of 4.8 grams and were valued at approximately $150.00 to $200.00.

After the tube was discovered, everyone present denied knowledge of it. A search of defendant and Smith yielded no large sums of money or drug paraphernalia, nor was any paraphernalia found elsewhere in Terry's residence.

Defendant, Ishmar Smith, Terry, and Byrd were arrested and charged with possession with intent to manufacture, sell, and deliver cocaine. The charges against Byrd and Terry were later dismissed, although Terry pled guilty to a charge of maintaining a dwelling for keeping or selling controlled substances. Defendant was indicted on 1 July 2002 and tried jointly with Smith on 24 and 25 July 2003 in Gaston County Superior Court, the Honorable Robert C. Ervin presiding. At the close of the State's evidence, defendant made a motion to dismiss, in whole or in part, for insufficiency of the evidence. Although defendant did not offer any evidence of his own, he did renew his motion to dismiss. At that time, the trial court expressed doubts about the sufficiency of the evidence, but it deferred ruling on defendant's motion until after the jury rendered a verdict.

The jury found both defendant and Smith guilty on 25 July 2003. The trial court did not expressly rule on the deferred motion to dismiss, but proceeded to sentence defendant to a term of six to eight months. This sentence was suspended for 24 months, with defendant on intensive probation for the first six months. Following sentencing, defendant filed a motion for appropriate relief, based solely on the sufficiency of the evidence, which the trial court denied. Defendant appeals the denial of his motion to dismiss as well as his motion for appropriate relief.[1]

## Discussion

In ruling on a criminal defendant's motion to dismiss, the trial court must determine whether the State has presented substantial

---

1. Since the sole basis for defendant's motion for appropriate relief was the alleged insufficiency of the evidence, his motion presents no new legal issues and, therefore, we will not address it separately.

evidence (1) of each essential element of the offense with which defendant is charged and (2) of the defendant being the perpetrator. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255, *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404, 123 S. Ct. 488 (2002). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (quoting *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984)). " 'Whether evidence presented constitutes substantial evidence is a question of law for the court.' " *State v. Frogge*, 351 N.C. 576, 584-85, 528 S.E.2d 893, 899 (quoting *State v. Stager*, 329 N.C. 278, 322, 406 S.E.2d 876, 901 (1991)), *cert. denied*, 531 U.S. 994, 148 L. Ed. 2d 459, 121 S. Ct. 487 (2000).

When considering a defendant's motion to dismiss, the trial court must view all of the evidence "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818, 115 S. Ct. 2565 (1995). Specifically, if a reasonable juror could draw an inference of defendant's guilt from the evidence before him, the evidence is sufficient to allow the jury to consider the issue even if the same evidence may also support an equally reasonable inference of the defendant's innocence. *Matias*, 354 N.C. at 551, 556 S.E.2d at 270.

Defendant was convicted of violating N.C. Gen. Stat. § 90-95(a)(1) (2003), which prohibits possession with intent to sell or deliver a controlled substance. This offense involves two separate elements: (1) illegal possession of a controlled substance (here, crack cocaine) and (2) intent to sell or deliver that substance. *State v. Creason*, 313 N.C. 122, 129, 326 S.E.2d 24, 28 (1985). We consider each element in turn.

A. Constructive Possession of Cocaine

[1] For the purposes of N.C. Gen. Stat. § 90-95(a)(1), unlawful possession of the controlled substance may be actual or constructive. *State v. McLaurin*, 320 N.C. 143, 146, 357 S.E.2d 636, 638 (1987). "A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." *State v. Reid*, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002). Here, since the cocaine was found under a blanket next to defendant, rather than on his person, the State based its case on a theory of constructive possession.

Constructive possession exists when the defendant, " 'while not having actual possession, . . . has the intent and capability to maintain control and dominion over' the narcotics." *Matias*, 354 N.C. at 552, 556 S.E.2d at 270 (quoting *State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986)). When the defendant does not have exclusive possession of the location where the drugs were found, the State must make a showing of "other incriminating circumstances" in order to establish constructive possession. *Id.* at 552, 556 S.E.2d at 271.

In the present case, it is undisputed that defendant was not in exclusive control of the premises. The State's evidence tended to show the following circumstances: Defendant was sitting next to a wadded-up blanket beneath which the drugs were concealed. He appeared agitated, and his hands were "jumbling" around "nervously." He and his co-defendant appeared to be passing the tube back and forth underneath the blanket. Our appellate courts have previously held that similar circumstances—involving close proximity to the controlled substance and conduct indicating an awareness of the drugs, such as efforts at concealment or behavior suggesting a fear of discovery—are sufficient to permit a jury to find constructive possession.

In *State v. Butler*, 356 N.C. 141, 147-48, 567 S.E.2d 137, 141 (2002), the Supreme Court found sufficient incriminating circumstances to survive a defendant's motion to dismiss when a taxicab driver felt defendant "struggling" in the backseat behind him and pushing against the front seat, and the police found drugs under the seat 12 minutes later. Similarly, in *State v. Harrison*, 14 N.C. App. 450, 450-51, 188 S.E.2d 541, 542, *cert. denied*, 281 N.C. 625, 190 S.E.2d 468 (1972), police stopped a car for a routine driver's license inspection, but asked all three of the car's occupants to step out of the car after an officer noticed the defendant moving around on the back seat and partially concealing a brown envelope with his hand. The envelope later proved to contain narcotics. The Court held that there was sufficient evidence to submit the charge of possession to the jury. *Id.* at 453, 188 S.E.2d at 543-44.

More recently, in *State v. Neal*, 109 N.C. App. 684, 687-88, 428 S.E.2d 287, 290 (1993), this Court found sufficient incriminating circumstances to survive a motion to dismiss when defendant had been in a bathroom where another person was flushing drugs down the toilet, but fled from the bathroom as the police arrived. *See also State v. Frazier*, 142 N.C. App. 361, 367, 542 S.E.2d 682, 687 (2001) (finding

sufficient incriminating circumstances to survive a motion to dismiss when defendant was observed lunging into a bathroom and placing his hands in the ceiling where drugs were later located); *State v. Carr*, 122 N.C. App. 369, 373, 470 S.E.2d 70, 73 (1996) (finding sufficient incriminating circumstances to survive a motion to dismiss when search of a car yielded drugs located in an area that had been occupied solely by defendant).

Defendant argues that his case is more analogous to *State v. Balsom*, 17 N.C. App. 655, 195 S.E.2d 125 (1973). In *Balsom*, however, defendants were merely visiting the house where drugs were found in a dresser drawer and clothes closet. In contrast to the behavior of defendant in this case, the record in *Balsom* contained no evidence suggesting that defendants had any knowledge of the existence of the drugs. We find this case more analogous to *Butler, Harrison*, and *Neal* than to *Balsom*. Accordingly, we hold that the State offered sufficient evidence of constructive possession of cocaine.

### B. Possession of Cocaine with Intent to Sell and Deliver

**[2]** We next examine whether sufficient evidence existed to submit to the jury the issue of defendant's intent to sell and deliver cocaine. "The amount of the controlled substance, the manner of its packaging, labeling, and storage, along with the activities of a defendant may be considered in establishing intent to sell and deliver by circumstantial evidence." *Carr*, 122 N.C. App. at 373, 470 S.E.2d at 73.

In arguing that defendant had the intent to sell and deliver, the State relies solely upon the testimony of Deputy Smith:

Q. When you say substantial amounts of crack cocaine, could you describe what you mean?

A. [The cocaine rocks in the tube were] in an area that are larger than what you would normally see or someone would normally carry. If you were going to smoke it yourself, you may have one tiny rock or one small rock, or maybe even a couple that would last you a long period of time or an extended period of time. . . .

. . . .

Q. Do you have an opinion as to the value of those drugs, the street value?

A. All of them or just—

Q. Total.

A. Total? Probably close to [$]150 to $200.

Q. Do you have an opinion satisfactory to yourself as to quantities generally carried for personal use?

. . . .

A. Yes, sir. Generally most people that would carry rock cocaine for their personal use may carry one or two rocks that would—maybe [$]20 to $30.[2]

The State points to no other evidence or circumstances that in any way suggest that defendant had an intent to sell or deliver the crack cocaine contained in the tube lying on the loveseat between defendant and Ishmar Smith.

The State, for example, presented no evidence of statements by defendant relating to his intent, of any sums of money found on defendant, of any drug transactions at that location or elsewhere, of any paraphernalia or equipment used in drug sales, of any drug packaging indicative of an intent to sell the cocaine, or of any other behavior or circumstances associated with drug transactions. The State's entire case rests only on a deputy's opinion testimony about what people "normally" and "generally" do. The State has cited no authority and we have found none in which such testimony—without any other circumstantial evidence of a defendant's intent—was found sufficient to submit the issue of intent to sell and deliver to the jury. *Compare Carr*, 122 N.C. App. at 373, 470 S.E.2d at 73 (substantial evidence of intent to sell or deliver existed when officers found two pill bottles with one containing a single large rock and the other containing eight smaller rocks of the size sold on the street for between $20.00 and $40.00; defendant was seen having discussions through a car window with known drug users, one of whom had a crack cocaine pipe in his possession; and defendant attempted to disguise his identity when questioned by the police).

At best, this testimony regarding the normal or general conduct of people, without more, raises only a suspicion—although perhaps a strong one—that defendant had the necessary intent to sell and deliver. "[W]hen the evidence is . . . sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the

---

2. Although defendant objected to portions of this testimony at trial, he has not challenged it on appeal.

identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983). Because the State failed to present substantial evidence of an "intent to sell and deliver," the trial court erred in denying defendant's motion to dismiss the charge of possession with intent to sell and deliver.

Three possible verdicts were submitted to the jury in this case: guilty of possession with intent to manufacture, sell, or deliver cocaine; guilty of possession of cocaine; and not guilty. As we indicated above, possession of cocaine is an element, and therefore a lesser included offense, of possession with intent to manufacture, sell, or deliver cocaine. "When a jury finds the facts necessary to constitute one offense, it also inescapably finds the facts necessary to constitute all lesser-included offenses of that offense." *State v. Squires*, 357 N.C. 529, 536, 591 S.E.2d 837, 842 (2003), *cert. denied*, 541 U.S. 1088, 159 L. Ed. 2d 252, 124 S. Ct. 2818 (2004). When the jury found defendant guilty of possession with intent to sell and deliver, it necessarily found defendant guilty of simple possession of cocaine, a verdict that, as we have held, was supported by substantial evidence. Accordingly, the judgment on the charge of possession with intent to sell and deliver is vacated, and the case is remanded for entry of judgment on possession of cocaine and resentencing. *See State v. Gooch*, 307 N.C. 253, 258, 297 S.E.2d 599, 602 (1982) (vacating the judgment imposed upon the verdict of guilty of possession of more than one ounce of marijuana and remanding for resentencing "as upon a verdict of guilty of simple possession of marijuana," a lesser included offense).

Vacated in part, reversed in part, and remanded for resentencing.

Judges LEVINSON and THORNBURG concur.

Judge THORNBURG concurred prior to 31 December 2004.