STATE OF NORTH CAROLINA v. LEE EDWARD NETTLES

No. COA04-583

(Filed 3 May 2005)

## 1. Drugs— possession with intent to manufacture, sell, or deliver cocaine—motion to dismiss—constructive possession

The State presented sufficient evidence that defendant constructively possessed cocaine, because: (1) although defendant did not physically possess the cocaine, the evidence tended to show he constructively possessed the cocaine found in the pertinent car by exercising some control and dominion over the cocaine; and (2) although defendant's control over the car and residence was not exclusive, the evidence suggests incriminating circumstances, other than defendant's control of the premises, sufficient to permit the jury to infer constructive possession.

## 2. Drugs— possession with intent to manufacture, sell, or deliver cocaine—motion to dismiss—intent to sell or deliver drugs

The trial court erred by denying defendant's motion to dismiss the charge of possession with intent to manufacture, sell, or deliver cocaine based on insufficient evidence to show defendant intended to manufacture, sell, or deliver the cocaine found on the premises, and the case is remanded for resentencing on the lesser-included charge of possession of cocaine, because: (1) a controlled substance's substantial amount may be determined by comparing the amount possessed to the amount necessary to constitute a trafficking offense, and N.C.G.S. § 90-95(h)(3) provides that in order to be guilty of trafficking cocaine, an individual must possess at least twenty-eight grams or more of cocaine or any derivative thereof; (2) defendant possessed four to five crack cocaine rocks which weighed 1.2 grams, or .04% of the requisite amount for trafficking, and thus it cannot be inferred that defendant had an intent to sell or distribute from such a de minimus amount alone; (3) the State was required to present either direct or circumstantial evidence of an intent to sell, and there was no testimony that the drugs were packaged, stored, or labeled in a manner consistent with the sale of drugs; (4) defendant's actions were not similar to the actions of a drug dealer when he was home sick with a cold, the drugs were found outside his home in a parked car, and there was not a large amount of cash

found; (5) although officers testified that they found a safety pin that is typically used by crack users to clean a crack pipe, there were no other drugs or drug paraphernalia typically used in the sale of drugs found on the premises; (6) viewed in the light most favorable to the State, the evidence tended to indicate that defendant was a drug user instead of a drug seller; and (7) a deputy's opinion testimony about the four to five rocks of crack cocaine, without other circumstantial evidence of defendant's intent, is insufficient to submit the issue of intent to sell and deliver to the jury.

**3. Sentencing— habitual felon—possession of cocaine a felony**

The trial court did not lack jurisdiction to consider the habitual felon indictment even though defendant contends his prior conviction of possession of cocaine was a misdemeanor under N.C.G.S. § 90-95, because: (1) our Supreme Court has held that possession of cocaine is a felony and therefore can serve as an underlying felony to an habitual felon indictment; and (2) defendant was previously convicted of three felony offenses, including the offense of felony possession of cocaine.

**4. Appeal and Error— preservation of issues—failure to raise or argue issues**

Defendant abandoned his remaining four assignments of error under N.C. R. App. P. 28(b)(6) based on his failure to bring forward or argue these issues.

Appeal by defendant from judgment entered 29 October 2003 by Judge Edwin G. Wilson, Jr. in Randolph County Superior Court. Heard in the Court of Appeals 16 February 2005.

*Attorney General Roy A. Cooper III, by Assistant Attorney General Angel E. Gray, for the State.*

*Ligon and Hinton by Lemuel W. Hinton, for defendant-appellant.*

JACKSON, Judge.

On 24 October 2003, a jury found defendant guilty of possession with intent to manufacture, sell, or deliver cocaine. As a level three offender, defendant pled guilty to obtaining habitual felon status and was sentenced to the North Carolina Department of Correction for ninety-three months minimum and 121 months maximum.

On 16 January 2002, Randolph County Sheriff's Department executed a search warrant at defendant's home, which was owned jointly by defendant and his siblings. Deputy Timothy James ("Deputy James") searched the living room and bedroom of defendant's home and seized a safety pin in the living room. The State Bureau of Investigation (the "SBI") later determined the head of the safety pin contained a residual amount of cocaine. Deputy James also seized a Certificate of Title for a Mercedes Benz registered to Charles Nettles ("Nettles"), defendant's deceased nephew, an expired insurance policy for the Mercedes Benz insured in defendant's name, and four hundred and eleven dollars from defendant's pocket.

Defendant consented to a search of four vehicles in the yard, including the Mercedes Benz. Deputy James Martin ("Deputy Martin") searched the Mercedes Benz, using one key defendant gave to him from his pant's pocket to open the vehicle, and found 1.2 grams of cocaine under the floor mat rolled in a napkin and a registration card for the Mercedes Benz. Photographs taken of the vehicle also showed that the passenger side window was rolled down about one to two inches. Defendant testified that the window to the vehicle could not be rolled up, the windows always stayed halfway open, and people occasionally slept in the vehicles. Defendant also testified that his niece had cashed his social security check, used an amount to purchase medication, and returned the remaining four hundred and eleven dollars to him. Earl Kimes ("Kimes") testified that within three days of the search, other people visited defendant's home and that the windows on the Mercedes Benz were not rolled up.

At the close of the evidence, the trial court denied defendant's motion to dismiss the charge of possession with intent to sell, deliver, or manufacture cocaine. Defendant was convicted under N.C. Gen. Stat. § 90-95(a)(1) (2003), which prohibits possession with intent to sell or deliver a controlled substance. The elements of the crime of possession with intent to manufacture, sell, or deliver cocaine are: (1) illegal possession of cocaine, and (2) intent to sell or deliver the cocaine. N.C. Gen. Stat. § 90-95(a)(1); *State v. Creason*, 313 N.C. 122, 129, 326 S.E.2d 24, 28 (1985). Defendant contends the trial court erred when it allowed the State to submit the charge of possession with intent to sell or deliver a controlled substance to the jury. We disagree.

A trial court properly denies a defendant's motion to dismiss if it finds the State presented substantial evidence of: (1) each essential

element of each offense defendant was charged with; and (2) defendant's being the perpetrator. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255 (2002) (*quoting State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)), *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002); *see also State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585 (1984) (*citing State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980)). When ruling on a defendant's motion to dismiss, the trial court must: (1) determine whether the evidence presented is substantial, which is a question of law for the court, and (2) consider the evidence in the light most favorable to the State. *State v. Turner*, 168 N.C. App. 152, 154-55, 607 S.E.2d 19, 22 (2005); *State v. Tisdale*, 153 N.C. App. 294, 296, 569 S.E.2d 680, 682 (2002). "If the trial court determines that a reasonable inference of the defendant's guilt may be drawn from the evidence, it must deny the defendant's motion and send the case to the jury even though the evidence may also support reasonable inferences of the defendant's innocence." *Id.* at 297, 569 S.E.2d at 682 (*quoting State v. Grigsby*, 351 N.C. 454, 456-57, 526 S.E.2d 460, 462 (2000)).

[1] Defendant contends the trial court erred when it determined the State presented substantial evidence that defendant constructively possessed cocaine. " ' "Possession of controlled substances may be either actual or constructive." ' " *State v. Boyd*, 154 N.C. App. 302, 306, 572 S.E.2d 192, 195 (2002) (*quoting State v. Carr*, 122 N.C. App. 369, 372, 470 S.E.2d 70, 73 (1996)). ' "Where contraband is found on premises under the control of the defendant, that in itself is sufficient to go to the jury on the question of constructive possession." ' *Id.* (*quoting State v. Peek*, 89 N.C. App. 123, 126, 365 S.E.2d 320, 322 (1988)); *see also State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986) (defendant constructively possessed narcotics when he had the "intent and capability to maintain control and dominion over the narcotics") (*citing State v. Williams*, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983)). In addition, our Supreme Court has stated that the State must show " 'other incriminating circumstances before constructive possession may be inferred.' " *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 271 (2001) (*quoting State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989)).

This Court previously has stated that an inference of constructive possession arises when the State's evidence shows a defendant was the "custodian of the vehicle where the controlled substance was

found." *Tisdale*, 153 N.C. App. at 297-98, 569 S.E.2d at 682 (2002) (*citing State v. Dow*, 70 N.C. App. 82, 85, 318 S.E.2d 883, 886 (1984)). Here, Defendant gave police officers permission to search the Mercedes Benz and a key to the Mercedes Benz from his front pants pocket. An auto registration card for the vehicle and auto insurance policy for the Mercedes Benz listed defendant as the owner. Defendant also placed a license plate on the Mercedes Benz from defendant's previous vehicle.

When a defendant is charged with possession of a contraband, the State is not required to show defendant had actual possession of the contraband. *Tisdale*, 153 N.C. App. at 297, 569 S.E.2d at 682 (*citing State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986)). Our Supreme Court explicitly has held that the "prosecution is not required to prove actual physical possession of the [contraband] materials." *Id.* (*citing State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986)). A defendant can be charged with constructively possessing contraband when the defendant has the intent and ability to exhibit control and dominion over the contraband. *Tisdale*, 153 N.C. App. at 297, 569 S.E.2d at 682 (*citing State v. Beaver*, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986)).

In the instant case, although defendant did not physically possess the cocaine, the evidence presented at trial tended to show he constructively possessed the cocaine found in the Mercedes Benz by ' "exercis[ing] [some] control and dominion over" ' the cocaine. *State v. Matias*, 143 N.C. App. 445, 448, 550 S.E.2d 1, 3 (2001), *aff'd*, 354 N.C. 549, 556 S.E.2d 269 (2001); *Boyd*, 154 N.C. App. at 306, 572 S.E.2d at 195 (2000) (*quoting Peak*, 89 N.C. App. at 126, 365 S.E.2d at 322). And though his control over the Mercedes Benz and residence was not exclusive, "the evidence . . . suggests incriminating circumstances, other than defendant's control of the premises, sufficient to permit the jury to infer constructive possession." *State v. Alston*, 91 N.C. App. 707, 710, 373 S.E.2d 306, 309 (1988).

Here, only defendant was present during the search of the premises, and he consented to that search. During the search, police officers found on the premises four hundred and eleven dollars in cash on defendant's person, 1.2 grams of cocaine rolled in a napkin under the floor mat in the Mercedes Benz, a safety pin with cocaine residue on its tip in the living room of the home, and letters, papers, and registration forms with defendant's name on them in the Mercedes Benz, the living room, and defendant's bedroom.

"Our appellate courts have previously held that similar circumstances involving close proximity to the controlled substance . . . are sufficient to permit a jury to find constructive possession." *Turner*, 168 N.C. App. at 156, 607 S.E.2d at 22. "These circumstances, coupled with defendant's nonexclusive control of the premises, were sufficient to allow the jury to infer defendant had constructive possession of the cocaine." *Alston*, 91 N.C. App. at 711, 373 S.E.2d at 310. Accordingly, this assignment of error is overruled.

[2] We now turn to the issue of whether defendant intended to manufacture, sell, or deliver the cocaine found on the premises. Defendant contends that neither case law nor the legislature has set forth the minimum amount of a controlled substance required for this offense, but that it is clear from case law that the amount of controlled substance must be "substantial." Defendant further asserts that the cocaine amount of 1.2 grams did not exceed the traffic amount of twenty-eight grams, as required by state statute, and he only possessed the cocaine broken down into four to five crack-rocks for personal use. We agree.

The offense of possession with intent to sell or deliver has three elements: (1) possession of a substance; (2) the substance must be a controlled substance; and (3) there must be intent to sell or distribute the controlled substance. N.C. Gen. Stat. § 90-95(a)(1); *State v. Fletcher*, 92 N.C. App. 50, 55, 373 S.E.2d 681, 685 (1988). While intent may be shown by direct evidence, it is often proven by circumstantial evidence from which it may be inferred. *State v. Jackson*, 145 N.C. App. 86, 90, 550 S.E.2d 225, 229 (2001). Although "quantity of the controlled substance alone may suffice to support the inference of an intent to transfer, sell, or deliver," it must be a substantial amount. *State v. Morgan*, 329 N.C. 654, 659-60, 406 S.E.2d 833, 835-36 (1991). In examining the quantity of a controlled substance, our Supreme Court previously has stated:

> In discussing what quantity of controlled substance might suffice alone to support the inference that a defendant intended to transfer it to others, [the Supreme Court] has construed N.C.G.S. § 90-98 *in pari materia* with other provisions of the Controlled Substances Act, N.C.G.S. §§ 90-86 through 90-113.8 (1990), particularly those provisions governing trafficking under N.C.G:S. § 90-95 (1990). In [*State v. Williams*, 307 N.C. 452, 298 S.E.2d 372 (1983)] [the Supreme Court] noted that the amount of contraband seized "was over two-thirds the amount required to support a conviction of the crime of trafficking in . . . heroin," a fact satis-

fying [the Supreme Court] that the amount seized was "a substantial amount and was more than an individual would possess for his personal consumption." *Williams*, 307 N.C. at 457, 298 S.E.2d at 376.

*Morgan*, 329 N.C. at 659-60, 406 S.E.2d at 836. In *Williams*, the defendant possessed 2.7 grams of heroin and, under North Carolina General Statutes, section 90-95(h)(4), the possession of at least four grams of heroin is required for trafficking in heroin. *Id.* Accordingly, a controlled substance's substantial amount may be determined by comparing the amount possessed to the amount necessary to constitute a trafficking offense. The North Carolina General Statutes provide that in order to be guilty of trafficking cocaine, an individual must possess at least twenty-eight grams or more of cocaine or any derivative thereof. *See* N.C. Gen. Stat. § 90-95(h)(3) (2003).

In the instant case, defendant possessed four to five crack cocaine rocks which weighed 1.2 grams, or .04% of the requisite amount for trafficking. Therefore, under our Supreme Court's holding in *Morgan*, it cannot be inferred that defendant had an intent to sell or distribute from such a de minimus amount alone. The State was required to present either direct or circumstantial evidence of an intent to sell. *See Morgan*, 329 N.C. at 659, 406 S.E.2d at 835 ("a jury can reasonably infer from the amount of the controlled substance found within a defendant's constructive or actual possession and from the manner of its packaging an intent to transfer, sell, or deliver that substance").

Based on North Carolina case law, the intent to sell or distribute may be inferred from (1) the packaging, labeling, and storage of the controlled substance, (2) the defendant's activities, (3) the quantity found, and (4) the presence of cash or drug paraphernalia. *See State v. Carr*, 122 N.C. App. 369, 373, 470 S.E.2d 70, 73 (1996) (indicating an intent to sell or deliver cocaine could be inferred from observations of defendant conversing through car windows with known drug users and the discovery of two pill bottles with nine rocks of crack cocaine [weight not provided in opinion] in the defendant's possession); *State v. Alston*, 91 N.C. App. 707, 711, 373 S.E.2d 306, 310 (1988) (finding no error in the defendant's conviction for possession with intent to sell where there was 4.27 grams of cocaine in separate envelopes along with large rolls of currency); *State v. McNeil*, 165 N.C. App. 777, 783, 600 S.E.2d 31, 35 (2004) (indicating an intent to sell cocaine was established where there was 5.5 grams of crack cocaine, individually packaged in twenty-two pieces, placed in the corner of a paper bag).

None of these factors were present in this case. There was no testimony that the drugs were packaged, stored, or labeled in a manner consistent with the sale of drugs. Defendant's actions were not similar to the actions of a drug dealer. Indeed, defendant was in his home sick with a cold and the drugs were found outside his home in a parked car. A large amount of cash was not found. The police officers found four hundred and eleven dollars on defendant's person, which defendant stated was part of the money he received from his five hundred and forty-seven dollar social security check. The police could not state with any certainty whether the money was in defendant's pocket or wallet and, after initially finding the money, they returned the money to defendant until after the drugs were found outside in the car. Also, the officers did not discover any other money on the premises. The officers found four to five crack rocks in the parked car. Although the officers testified that a safety pin typically is utilized by crack users to clean a crack pipe, there were no other drugs or drug paraphernalia typically used in the sale of drugs found on the premises. *See State v. Rich*, 87 N.C. App. 380, 361 S.E.2d 321 (1987) (indicating an intent to sell or deliver drugs was established where twenty grams of cocaine was found along with a chemical used for diluting cocaine and one hundred small plastic bags in close proximity to the cocaine). Viewed in the light most favorable to the State, the evidence tends to indicate defendant was a drug user, not a drug seller.

In *Turner*, this Court further rejected the use of opinion testimony, without more, as a basis for finding sufficient evidence of an intent to sell or deliver drugs. *Turner*, 168 N.C. App. at 158, 607 S.E.2d at 23-24. In *Turner*, this Court looked to whether the defendant presented any evidence of "statements by defendant relating to his intent, of any sums of money found on defendant, of any drug transactions at that location or elsewhere, of any paraphernalia or equipment used in drug sales, of any drug packaging indicative of an intent to sell the cocaine, or of any other behavior or circumstances associated with drug transactions." *Turner*, 168 N.C. App. at 158, 607 S.E.2d at 24. The State argued there was sufficient evidence of the defendant's intent to sell in *Turner* based solely on a police officer's testimony that the street value of the ten crack cocaine rocks was between one hundred and fifty dollars to two hundred dollars, which was allegedly more than an amount a drug user would possess for personal consumption. *Turner*, 168 N.C. App. at 158, 607 S.E.2d at 21, 23-24. In rejecting this testimony as a basis for affirming the denial of the motion to dismiss, this Court explained that without more, this

evidence, "raises only a suspicion . . . that defendant had the necessary intent to sell and deliver." *Id.* at 159, 607 S.E.2d at 24.

In the instant case, the State presented testimony by a police officer that the four to five crack rocks found in this case were the equivalent of twelve dosage units of .1 gram—each selling for twenty dollars per dose on the street. However, this testimony was identical to that which was rejected in *Turner.* Also, in contrast to *Turner*, the police officer did not testify that defendant possessed an amount that was more than a drug user normally would possess for personal use. This Court has rejected this type of evidence as the sole basis for finding an intent to sell. As explained in *Turner*,

> The State, for example, presented no evidence of statements by defendant relating to his intent, . . ., of any drug transactions at that location or elsewhere [by defendant], of any paraphernalia or equipment used in drug sales, of any drug packaging indicative of an intent to sell the cocaine, or of any other behavior or circumstances associated with drug transactions. The State's entire case rests only on a deputy's opinion testimony about what people "normally" and "generally" do. The State has cited no authority and we have found none in which such testimony—without any other circumstantial evidence of a defendant's intent—was found sufficient to submit the issue of intent to sell and deliver to the jury.

*Id.* at 158, 607 S.E.2d at 24.

Therefore there was insufficient evidence of defendant's intent to sell or deliver crack cocaine. This assignment of error is sustained, and it is therefore ordered by this Court that defendant's conviction be reversed for possession with intent to sell or distribute cocaine and remanded for resentencing, on the lesser included felony offense of possession of cocaine. *See State v. Battle*, 167 N.C. App. 733-34, 606 S.E.2d 418, 421 (*citing State v. Simmons*, 165 N.C. App. 685, 688, 599 S.E.2d 109, 112 (2004) ("recognizing possession of cocaine as a lesser-included offense of possession of cocaine with intent to sell")).

[3] Defendant also contends the trial court lacked jurisdiction to consider the habitual felon indictment because his prior conviction of possession of cocaine was a misdemeanor under N.C. Gen. Stat. § 90-95 (2003).

The Habitual Felons Act states, in pertinent part:

Any person who has been convicted of or pled guilty to three felony offenses in any federal or state court in the United States or combination thereof is declared to be an habitual felon.

N.C. Gen. Stat. § 14-7.1(2003). Our Supreme Court has held that "possession of cocaine is a felony and therefore can serve as an underlying felony to an habitual felon indictment." *State v. Jones*, 358 N.C. 473, 598 S.E.2d 125, 127 (2004). Defendant previously was convicted of three felony offenses, including the offense of felony possession of cocaine. Because our Supreme Court recently has held that defendant's offense of felonious possession of cocaine is a felony and can be included in defendant's habitual felon indictment, this assignment of error is overruled. *Jones*, 358 N.C. at 487, 598 S.E.2d at 134.

[4] Defendant failed to bring forward or argue the remaining four assignments of error. We deem these assignments of error abandoned. N.C. R. App. P. 28(b)(6) (2004).

Affirmed in part; reversed and remanded in part.

Judges HUNTER and CALABRIA concur.