IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-184

 Filed: 4 February 2020

Buncombe County, Nos. 17 CRS 88785-86; 18 CRS 101

STATE OF NORTH CAROLINA

 v.

REGINALD TREMAINE WILSON

 Appeal by Defendant from Judgments entered 24 May 2018 by Judge Gary M.

Gavenus in Buncombe County Superior Court. Heard in the Court of Appeals 5

September 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Patrick
 S. Wooten, for the State.

 Law Office of Kellie Mannette, PLLC, by Kellie Mannette, for defendant-
 appellant.

 HAMPSON, Judge.

 Factual and Procedural Background

 Reginald Tremaine Wilson (Defendant) appeals from his convictions for

Possession with Intent to Sell or Deliver Cocaine (PWISD Cocaine), Felony Possession

of Cocaine, and attaining Habitual-Felon status. The evidence presented at trial and

Record before us tend to show the following:

 On 3 August 2017, while patrolling on Old U.S. 70 in Buncombe County,

Officer Joseph Moore of the Black Mountain Police Department (Officer Moore)
 STATE V. WILSON

 Opinion of the Court

observed a car driven by Defendant heading in the opposite direction. Officer Moore

recognized Defendant and knew Defendant’s driver’s license was suspended. Officer

Moore turned his patrol car around and activated his emergency equipment to begin

a traffic stop of Defendant’s vehicle. Rather than stop or slow down, Defendant

accelerated away from Officer Moore and then turned off the road onto another street.

Officer Moore continued his pursuit, and Defendant pulled into a parking lot of an

apartment complex and parked his car. An unoccupied car was parked in the parking

spot to the immediate left of Defendant’s vehicle. Upon stopping, Defendant got out

of his car. Officer Moore testified that in his experience it was very unusual for

someone to get out of their vehicle when stopped for a traffic stop. Officer Moore

testified a driver will normally stop quickly and remain in the vehicle.

 As Defendant was getting out of his car, Officer Moore parked behind

Defendant’s car, got out of his vehicle, and ordered Defendant to return to his car;

however, Defendant refused. Officer Moore attempted to approach Defendant, but

Defendant moved around to the front of the other unoccupied parked car. Officer

Moore repeated his command for Defendant to return to his car, and Defendant again

refused. Officer Moore and Defendant briefly continued to argue back and forth about

Defendant returning to his car. Defendant then began ducking down in front of the

other unoccupied car.

 -2-
 STATE V. WILSON

 Opinion of the Court

 At one point, Defendant stood up and stuck both hands into his waistband.

Officer Moore unholstered his firearm and ordered Defendant to show his hands.

Instead, Defendant “ducked to where [Officer Moore] couldn’t see [Defendant] or his

hands in front of a parked vehicle that he was in front of.” Officer Moore testified,

“[Defendant] eventually stood up and continued to argue, and then began to comply

and walk back to the driver door of his vehicle.” Officer Moore then tried to handcuff

Defendant. However, after Officer Moore got one of Defendant’s hands behind his

back, Defendant refused to provide his other hand, resulting in a “tussle” between

the two. At this point, Officer Moore’s partner arrived and helped with detaining

Defendant.

 Officer Moore placed Defendant in the back of his patrol car and returned to

Defendant’s vehicle. Officer Moore “observed on the driver’s seat a clear plastic

baggie. Looked like a corner bag with an off-white, yellow substance in it.” While

Officer Moore continued searching Defendant’s vehicle, the owner of the other

unoccupied parked car came out of her apartment and asked Officer Moore if she

could leave to go to work, which Officer Moore allowed. After the owner of the other

parked car left, Officer Moore’s partner pointed out “there was a large bag containing

an off-white substance that was underneath” where the other car had been parked.

Officer Moore testified this large bag was found near the front of where that car had

been parked and where Defendant had been ducking down.

 -3-
 STATE V. WILSON

 Opinion of the Court

 At Defendant’s trial, Elizabeth Reagan (Agent Reagan), a Special Agent and

Forensic Chemist with the North Carolina State Crime Laboratory, testified as an

expert witness in forensic chemistry. Agent Reagan analyzed and weighed the

contents of the two baggies. According to Agent Reagan, the corner bag contained .34

grams, plus or minus .02 grams, of cocaine base; whereas, the larger bag contained

11.19 grams, plus or minus .02 grams, of cocaine base. Both bags were admitted into

evidence. Officer Moore also testified, based on his training and experience, a bag

containing less than half a gram of cocaine is “a small amount, personal use amount.”

 In his own testimony, Defendant denied possessing any illegal substances on

3 August 2017. Defendant testified he was driving to his brother’s residence and did

not see any police vehicle until after he had already turned into his brother’s

apartment complex and gotten out of his car. Defendant denied ducking in front of

the other vehicle and admitted only that he possessed a bottle of gin and that he had

been drinking.

 On 8 January 2018, Defendant was indicted on charges of PWISD Cocaine,

Felony Possession of Cocaine, Maintaining a Vehicle or Dwelling Place for Keeping

or Selling Cocaine, Driving While Driver’s License Revoked, Resisting a Public

Officer, and attaining Habitual-Felon status. Prior to trial, the State dismissed the

charges of Maintaining a Vehicle or Dwelling Place for Keeping or Selling Cocaine,

Driving While Driver’s License Revoked, and Resisting a Public Officer.

 -4-
 STATE V. WILSON

 Opinion of the Court

 Defendant’s trial in Buncombe County Superior Court began on 22 May 2018.

At the close of the State’s evidence, Defendant, acting pro se, requested “all cases,

cause, claim and/or charges be dissolved, dismiss, quash.” Interpreting this request

as a motion to dismiss for insufficiency of the evidence, the trial court denied the

motion. At the close of Defendant’s evidence and again prior to final judgment being

entered, Defendant requested dismissal of his case. In each instance, the trial court

interpreted Defendant’s arguments as a motion to dismiss for insufficiency of the

evidence and denied Defendant’s motions.

 On 23 May 2018, the jury returned verdicts finding Defendant guilty of PWISD

Cocaine, Felony Possession of Cocaine, and, subsequently, attaining Habitual-Felon

status. The following day, the trial court entered Judgments against Defendant,

sentencing him as a prior-record level IV to active, consecutive sentences of 97 to 129

months’ imprisonment for the PWISD-Cocaine conviction and 38 to 58 months’

imprisonment for the Felony-Possession-of-Cocaine conviction.1 Defendant gave

Notice of Appeal in open court.

 Issue

 1 Defendant does not challenge his separate conviction for Felony Possession of Cocaine.
Defendant also raises no independent challenge to his conviction of attaining Habitual-Felon status.
Accordingly, we do not address those convictions on appeal.

 -5-
 STATE V. WILSON

 Opinion of the Court

 The sole issue on appeal is whether there was sufficient evidence of an intent

to sell or deliver cocaine to support the trial court’s denial of Defendant’s motions to

dismiss the PWISD-Cocaine charge.

 Analysis

 I. Standard of Review

 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted).

“Upon defendant’s motion for dismissal, the question for the Court is whether there

is substantial evidence (1) of each essential element of the offense charged, or of a

lesser offense included therein, and (2) of defendant’s being the perpetrator of such

offense. If so, the motion is properly denied.” State v. Fritsch, 351 N.C. 373, 378, 526

S.E.2d 451, 455 (2000) (citation and quotation marks omitted); State v. Brown, 310

N.C. 563, 566, 313 S.E.2d 585, 587 (1984) (“Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.”

(citation omitted)). “If the evidence is sufficient only to raise a suspicion or conjecture

as to either the commission of the offense or the identity of the defendant as the

perpetrator of it, the motion [to dismiss] should be allowed.” Fritsch, 351 N.C. at 378,

526 S.E.2d at 455 (citation and quotation marks omitted). “In making its

determination, the trial court must consider all evidence admitted, whether

competent or incompetent, in the light most favorable to the State, giving the State

 -6-
 STATE V. WILSON

 Opinion of the Court

the benefit of every reasonable inference and resolving any contradictions in its

favor.” State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994) (citation omitted).

However, “[w]hether the State has offered such substantial evidence is a question of

law for the trial court.” State v. McKinney, 288 N.C. 113, 119, 215 S.E.2d 578, 583

(1975) (citations omitted).

 II. Motion to Dismiss

 Defendant contends the trial court erred in denying his motions to dismiss the

charge of PWISD Cocaine. “The offense of possession with intent to sell or deliver

has the following three elements: (1) possession of a substance; (2) the substance must

be a controlled substance; and (3) there must be intent to sell or distribute the

controlled substance.” State v. Carr, 145 N.C. App. 335, 341, 549 S.E.2d 897, 901

(2001) (citations omitted). Specifically, Defendant argues the State failed to

demonstrate the third element—intent. Because Defendant does not challenge the

remaining two elements of this offense, we limit our analysis to whether the State

presented sufficient evidence of intent.2

 “While intent may be shown by direct evidence, it is often proven by

circumstantial evidence from which it may be inferred.” State v. Nettles, 170 N.C.

App. 100, 105, 612 S.E.2d 172, 175-76 (2005) (citation omitted). “Although quantity

 2 In particular, Defendant does not argue there was insufficient evidence he actually or
constructively possessed either the smaller bag of cocaine found in his car or the larger bag found in
the parking space where the other car had been parked.

 -7-
 STATE V. WILSON

 Opinion of the Court

of the controlled substance alone may suffice to support the inference of an intent to

transfer, sell, or deliver, it must be a substantial amount.” Id. at 105, 612 S.E.2d at

176 (citation and quotation marks omitted). This Court has recognized “the intent to

sell or distribute may be inferred from (1) the packaging, labeling, and storage of the

controlled substance, (2) the defendant’s activities, (3) the quantity found, and (4) the

presence of cash or drug paraphernalia.” Id. at 106, 612 S.E.2d at 176 (citations

omitted). “Moreover, our case law demonstrates that this is a fact-specific inquiry in

which the totality of the circumstances in each case must be considered unless the

quantity of drugs found is so substantial that this factor—by itself—supports an

inference of possession with intent to sell or deliver.” State v. Coley, 257 N.C. App.

780, 788-89, 810 S.E.2d 359, 365 (2018). “In ‘borderline’ or close cases, our courts

have consistently expressed a preference for submitting issues to the jury[.]” State v.

Hamilton, 77 N.C. App. 506, 512, 335 S.E.2d 506, 510 (1985) (citations omitted); see

also State v. Everhardt, 96 N.C. App. 1, 11, 384 S.E.2d 562, 568 (1989) (“If there is

more than a scintilla of competent evidence to support allegations in the warrant or

indictment, it is the court’s duty to submit the case to the jury.” (citation and

quotation marks omitted)), aff’d, 326 N.C. 777, 392 S.E.2d 391 (1990).

 Here, the evidence reveals Defendant was in possession of cocaine contained

in two packages: a corner bag containing .34 grams and a package containing 11.19

grams. “Although quantity of the controlled substance alone may suffice to support

 -8-
 STATE V. WILSON

 Opinion of the Court

the inference of an intent to transfer, sell, or deliver, it must be a substantial amount.”

Nettles, 170 N.C. App. at 105, 612 S.E.2d at 176 (citation and quotation marks

omitted). This Court has previously held “a controlled substance’s substantial

amount may be determined by comparing the amount possessed to the amount

necessary to constitute a trafficking offense.” Id. at 106, 612 S.E.2d at 176.

Possession of cocaine rises to the level of a trafficking offense where the amount

possessed is at least 28 grams. See N.C. Gen. Stat. § 90-95(h)(3) (2019).

 The amount of cocaine at issue in this case is thus less than half of the amount

giving rise to a trafficking offense. It is also less than amounts our courts have

previously recognized as a substantial amount beyond what a typical user would

possess for personal use. See State v. Morgan, 329 N.C. 654, 660, 406 S.E.2d 833, 836

(1991) (an ounce or 28.3 grams); State v. Davis, 160 N.C. App. 693, 696, 586 S.E.2d

804, 806 (2003) (recognizing approximately 20 grams of cocaine “far exceeds the

amount a typical user would possess for personal use”). However, within the context

of our case law, it is not an insubstantial amount and well exceeds amounts that have

previously been recognized as supportive of a PWISD-Cocaine conviction under

appropriate circumstances. See State v. Carr, 122 N.C. App. 369, 373, 470 S.E.2d 70,

73 (1996) (indicating an intent to sell or deliver cocaine could be inferred from

observations of defendant conversing through car windows with known drug users—

one of whom was in possession of a pipe used for smoking crack cocaine—the

 -9-
 STATE V. WILSON

 Opinion of the Court

discovery of two pill bottles with nine rocks of crack cocaine in the defendant’s

possession, and the defendant’s attempts to disguise his identity when questioned by

police); State v. Alston, 91 N.C. App. 707, 711, 373 S.E.2d 306, 310 (1988) (finding no

error in the defendant’s conviction for possession with intent to sell where there were

4.27 grams of cocaine in twenty separate envelopes along with large rolls of currency);

State v. McNeil, 165 N.C. App. 777, 783, 600 S.E.2d 31, 35 (2004) (indicating an intent

to sell cocaine was established where there were 5.5 grams of crack cocaine,

individually packaged in twenty-two pieces, placed in the corner of a paper bag), aff’d,

359 N.C. 800, 617 S.E.2d 271 (2005). But see Nettles, 170 N.C. App. at 106, 612 S.E.2d

at 176 (possession of 1.2 grams of cocaine was insufficient to infer intent to sell or

distribute); State v. Battle, 167 N.C. App. 730, 733, 606 S.E.2d 418, 421 (2005)

(possession of 1.9 grams of cocaine was insufficient to infer intent to sell or distribute);

State v. Turner, 168 N.C. App. 152, 154, 158-59, 607 S.E.2d 19, 21, 23-24 (2005)

(evidence of ten rocks of cocaine in a tube weighing a total of 4.8 grams valued at

approximately $150.00 to $200.00 was insufficient, standing alone, to support PWISD

conviction); In re I.R.T., 184 N.C. App. 579, 588, 647 S.E.2d 129, 137 (2007) (a single

rock of crack cocaine wrapped in cellophane as well as $271.00 in cash on juvenile’s

person were insufficient to support adjudication for PWISD).

 Assuming, without deciding, the amount of cocaine in Defendant’s possession

in this case was not such a substantial amount standing alone to support an inference

 - 10 -
 STATE V. WILSON

 Opinion of the Court

of Defendant’s intent to sell or deliver, the amount of cocaine possessed by Defendant

remains a significant amount and much more than has been typically recognized as

for personal use. Thus, in weighing the totality of the circumstances in this case, the

evidence Defendant possessed over 11 grams of cocaine is nevertheless an important

circumstance.

 Moreover, evidence of the packaging also supports an inference of intent to sell

or deliver. The evidence reflected the cocaine was divided into two packages: one

smaller corner bag indicative of packaging for personal use and the larger package

containing the bulk (over 11 grams) of the cocaine. Defendant’s actions further

support an inference of an intent to sell and distribute. Defendant was driving (and

thus transporting the cocaine) to his brother’s apartment complex. Defendant failed

to stop for Officer Moore and, indeed, accelerated away from him, only stopping once

he reached the apartment complex. Defendant got out of his car, refused to comply

with Officer Moore’s directions, and instead ducked behind the other parked car

where the larger bag of cocaine was later found. Thus, the evidence supports an

inference Defendant attempted to hide the larger amount of cocaine while leaving the

smaller corner bag—associated with only personal use—in plain view.

 We acknowledge there is no evidence of any cash, other drug paraphernalia, or

tools of the drug trade—such as scales or additional baggies or containers—which

have otherwise generally supported a conviction for PWISD. However, when viewed

 - 11 -
 STATE V. WILSON

 Opinion of the Court

in its entirety, the amount of cocaine, the packaging divided into a personal-use size

and a much larger package, and Defendant’s evasive behavior and attempts to secrete

the larger bag establish, at a minimum, a borderline case to support submission of

the PWISD-Cocaine charge to the jury by providing “more than a scintilla of

competent evidence to support [the] allegations in the . . . indictment”; therefore, “it

[was] the [trial] court’s duty to submit the case to the jury.” Everhardt, 96 N.C. App.

at 11, 384 S.E.2d at 568 (citation and quotation marks omitted). Accordingly, we hold

the trial court did not err in denying Defendant’s motions to dismiss.

 Conclusion

 For the foregoing reasons, we conclude there was no error in the denial of

Defendant’s motions to dismiss and in the submission of the PWISD-Cocaine charge

to the jury.

 NO ERROR.

 Judges ZACHARY and ARROWOOD concur.

 - 12 -